James D. SIMS, d/b/a Simtex Industries, Appellant,

v.

WILLIAM S. BAKER, INC. and Transamerica Insurance Company, Appellees.

No. 8549.

Court of Civil Appeals of Texas, Texarkana.

July 5, 1978.

Rehearing Denied Aug. 1, 1978.

Mark T. Davenport, Anthony Atwell, Atwell, Cain & Davenport, Dallas, for appellant.

William C. Woodburn, Woodburn & Sullivan, Dallas, for appellees.

ODEN, Justice.

The primary question to be resolved on appeal is whether or not the notice of claim served by James D. Sims, d/b/a Simtex Industries, appellant, on William S. Baker, Inc., and Transamerica Insurance Company, appellees, is sufficient to comply with the notice requirements of the McGregor Act. Tex.Rev.Civ.Stat.Ann. art. 5160. Appellant and appellees will be respectively referred to as Sims, Baker and Transamerica.

Sims is a sheet metal and duct subcontractor. Baker is a general contractor and on August 18, 1975, it entered into a contract with the City of Carrollton to remodel and make certain additions to the Carrollton Library and Recreational Center. The consideration to be paid under the construction contract was in excess of $25,000.00, and Baker was therefore required by the McGregor Act to execute performance and payment bonds. Transamerica was the surety on the statutory performance and payment bonds executed by Baker. On September 23, 1975, Baker subcontracted the plumbing, heating, ventilation and air conditioning portions of the construction contract to Dallas North Mechanical, Inc., who in turn entered into an agreement with Sims to perform the sheet metal and duct work required thereunder for $10,070.00. Sims substantially performed his obligations under the subcontract during the

months of January, February, March and April of 1976; however, Dallas North Mechanical, Inc., though often requested, failed to remit payment, whereupon Sims served written notices of his claim by certified mail on Baker and Transamerica. The claim remained unpaid for at least 60 days at which time Sims instituted suit for the amount alleged due on the subcontract, plus reasonable attorney's fees, against Baker and Transamerica on the payment bond and Dallas North Mechanical, Inc., on the subcontract. The case was tried before the court without a jury. Judgment was entered that Sims take nothing on his claims against Baker and Transamerica. Sims was awarded judgment against Dallas North Mechanical, Inc., for $9,209.26 plus interest, and reasonable attorney's fees in the amount of $3,000.00. The parties to the appeal agree that the notice of claim was timely served for labor performed and materials furnished during the months of February, March and April, 1976. They likewise agree that the notice is not timely to perfect a claim for monies due during January, 1976. The primary disputed issue will be resolved by our determination of whether or not the notice of claim was sufficient to comply with the notice requirements contained in part B of the McGregor Act.

The provisions of the McGregor Act which are pertinent to the appeal are, with emphasis added:

"B. Every claimant who has furnished labor or material in the prosecution of the work provided for in such contract in which a Payment Bond is furnished as required hereinabove, and who has not been paid in full therefor, shall have the right, if his claim remains unpaid after the expiration of sixty (60) days after the filing of the claim as herein required, to sue the principal and the surety or sureties on the Payment Bond jointly or severally *for the amount due on the balance thereof unpaid at the time of filing the claim or of the institution of the suit* plus reasonable attorneys' fees; provided:

"(a) Notices Required for Unpaid Bills, other than notices solely *for* Retainages as hereinafter described.

"Such claimant shall have given within ninety (90) days after the 10th day of the month next following each month in which the labor was done or performed, in whole or in part, or material was delivered, in whole or in part, for which such claim is made, written notices of the claim by certified or registered mail, addressed to the prime contractor at his last known business address, or at his residence, and to the surety or sureties. Such notices shall be accompanied by a sworn statement of account stating in substance that the amount claimed is just and correct and that all just and lawful offsets, payments, and credits known to the affiant have been allowed. Such statement of account shall include therein the amount of any retainage or retainages applicable to the account that have not become due by virtue of terms of the contract between the claimant and the prime contractor or between the claimant and a subcontractor. When the claim is based on a written agreement, the claimant shall have the option to enclose, with the sworn statement of account, as such notice a true copy of such agreement and advising completion or value of partial completion of same.

"(1) When no written contract or written agreement exists between the claimant and the prime contractor or between the claimant and a subcontractor, *except as provided in subparagraph B(a)(2) hereof,* such notices shall state the name of the party for whom the labor was done or performed or to whom the material was delivered, and the approximate dates of performance and delivery, and describing the labor or materials or both in such a manner so as to reasonably identify the said labor or materials or both and amount due therefor. *The claimant shall generally itemize his claim and shall accompany same with true copies of documents, invoices or orders sufficient to reasonably identify the labor performed or material delivered for which claim is being made. Such documents and copies thereof shall have thereon a reasonable*

*identification or description of the job and destination of delivery.*

"(2) *When the claim is for multiple items of labor or material or both to be paid for on a lump sum basis* such notice shall state the name of the party for whom the labor was done or performed or to whom the material was delivered, the amount of the contract and whether written or oral, the amount claimed and *the approximate date or dates of performance or delivery or both* and *describing the labor or materials or both in such a manner as to reasonably identify the said labor or materials.*"

 The parties to the appeal briefed the case on the assumption that the information to be contained in the notice to be served is that prescribed by subparagraph B(a)(1) of the McGregor Act. We do not agree. Subparagraph B(a)(1) relates specifically to content of the notices required of claimants where no written contract exists, and which does not involve a claim for multiple items to be paid for on a lump sum basis. *United Benefit F. Ins. Co. v. Metropolitan Plumbing Co.*, 363 S.W.2d 843 (Tex. Civ.App. El Paso 1962, no writ). This Court disagrees with the statement contained in the *United Benefit F. Ins. Co. v. Metropolitan Plumbing Co.*, supra, that, "Subparagraph (2), subd. (a) of part B relates specifically to the content of notices required of claimants in direct contractual relation with the prime contractor . . .". In our opinion subparagraph B(a)(2) of the McGregor Act prescribes the information to be contained in all notices given which involve a claim for multiple items of labor or material or both to be paid for on a lump sum basis irrespective of whether the claimant has a direct contractual relationship with the prime contractor. The claim in question is for multiple items of labor and material to be paid for on a lump sum basis, and we hold that the information to be contained in the notice to be served on the prime contractor and surety under the circumstances is that prescribed by subparagraph B(a)(2) of the McGregor Act.

The notice of claim served on Baker and Transamerica by certified mail described the labor performed and material furnished as "labor and materials in the nature of sheet metal and duct work for the construction project," and contained a statement that "the date on which claimant last furnished labor and materials on the construction project was on or after the week of April 12, 1976." Baker and Transamerica contend that the notice of claim served on them by certified mail was insufficient to comply with the notice requirements of the McGregor Act because (1) it did not give the approximate date or dates of performance or delivery or both, (2) it did not describe the labor or materials or both in such a manner as to reasonably identify the said labor or materials, and (3) the asserted claim was not itemized nor was it accompanied with true copies of documents, invoices or orders sufficient to reasonably identify the labor performed or materials delivered for which such claim was made.

 Subparagraph B(a)(2) of the McGregor Act does not require a claimant to itemize his claim and furnish true copies of documents, invoices or orders sufficient to reasonably identify the labor performed or material delivered for which the claim is being made. This requirement is found in the last two sentences of subparagraph B(a)(1). The information to be contained in the notice of claim in the case at bar is governed by the provisions of subparagraph B(a)(2) of the McGregor Act, and therefore the notice of claim under review is not insufficient by reason of Sims' failure to itemize his claim and furnish true copies of documents, invoices or orders sufficient to reasonably identify the labor performed or material delivered for which the claim was made.

 Sims, in compliance with subparagraph B(b)(2) of the McGregor Act, notified Baker on April 12, 1976, that he had not been paid the January, February and March estimates. The notice was timely served to perfect a claim for labor performed and materials furnished during the months of February and March; however, all parties

agree that it was not timely to perfect a claim for labor performed and materials furnished during the month of January inasmuch as it violated the "36 day notice" prescribed by subparagraph B(b)(2) of the McGregor Act. The notice of April 12, 1976, was accompanied by a copy of the statements sent to Dallas North Mechanical, Inc., for the months in question, which statements reflect the charges for labor performed and materials furnished during such months. A similar statement for the month of April was attached to the proof of claim under review. It indicated that it was the fourth "estimate." The notices in question were sufficient to apprise Baker and Transamerica of the amount of the claim during the months for which notices had been timely served. The notices likewise apprised Baker and Transamerica that the notice of claim was not timely filed to perfect the claim for labor performed and materials furnished during the month of January, 1976. We hold that the notices were sufficient to advise Baker and Transamerica of the approximate date or dates that the labor was performed and the materials furnished.

■■■ In order to comply with the notice requirements of subparagraph B(a)(2) of the McGregor Act, the notice of claim must describe the labor or materials or both in such a manner as to reasonably identify them. Sims alleges that he complied with this requirement by describing the labor and materials as "sheet metal and duct work for the construction project." We agree. The test is not whether or not the description would reasonably identify the labor performed or materials furnished to a stranger but rather whether or not such description reasonably identifies the labor performed and materials furnished to the prime contractor and surety. The plans and specifications for the project were readily accessible to both Baker and Transamerica and on a visual inspection of the project they could ascertain if the sheet metal and duct work had been performed.

■■■ In construing the notice of claim under review, we have taken into account that the notice requirements of the McGregor Act are to be liberally construed and a substantial compliance with that statute is all that is required as to notice. *United States Fidelity & Guaranty Co. v. Parker Bros. & Co., Inc.*, 437 S.W.2d 880 (Tex.Civ. App. Houston—1st Dist. 1969, writ ref'd n. r. e.); *Lesikar Construction Company v. Acoustex, Inc.*, 509 S.W.2d 877 (Tex.Civ. App. Fort Worth 1974, writ ref'd n. r. e.); and *Citadel Construction Co. v. Smith*, 483 S.W.2d 283 (Tex.Civ.App. Austin 1972, writ ref'd n. r. e.). We hold that the notice of claim Sims served on Baker and Transamerica was in substantial compliance with the notice requirements of the McGregor Act and that the trial court erred in denying Sims recovery against Baker and Transamerica.

■■■ Sims and Dallas North Mechanical, Inc. stipulated that the correct amount of the claim was $9,209.26 and that $3,000.00 would be a reasonable attorney's fee for services rendered in the trial court. The stipulation as to reasonable attorney's fee is not binding on Baker and Transamerica and for that reason the cause will have to be remanded to the trial court for a determination of the reasonable attorney's fees rendered on Sims' behalf in the trial court and this Court. On remand the trial court should further take into account Transamerica's right to be indemnified by Baker and Baker's right to be indemnified by Dallas North Mechanical, Inc.

■■■ It is not suggested that the stipulated sum owed is unreasonable nor is it suggested that Sims and Dallas North Mechanical, Inc. acted to defraud Baker and Transamerica by stipulating the amount owed. Furthermore, it is not suggested that there are several claimants among whom the bond proceeds should be apportioned. Under these circumstances we hold that the stipulation entered into between Sims and Dallas North Mechanical, Inc., as to the amount owed on the subcontract is binding on Baker and Transamerica. In effect, Baker and Transamerica were contingently liable for the debt at the time Dallas North Mechanical, Inc. and Sims en-

tered into the subcontract and we see no distinction under the circumstances between the power of Dallas North Mechanical, Inc. to contingently bind Baker and Transamerica by contract prior to suit and by stipulation at time of trial. Baker and Transamerica should be given credit for $500.00 representing the value of the labor performed and materials furnished during the month of January because the notices for services rendered during the month were not timely served.

Interest on the $8,709.26 judgment to be awarded in favor of Sims against Baker and Transamerica shall be at the rate of 6% per annum from and after August 10, 1976, the earliest date suit could be filed against Baker and Transamerica. Tex.Rev.Civ.Stat.Ann. art. 5069–1.03. Sims is not entitled to judgment against Baker and Transamerica for interest on the judgment amount between the dates the labor was performed and materials furnished and the date suit could be filed because the McGregor Act specifically provides that a suit cannot be filed until after the expiration of 60 days from the filing of the claim with the prime contractor and surety. In effect, this gives the prime contractor and surety 60 days in which to determine the legitimacy of a claim and in our opinion they should not be charged interest during this investigative period. Also, Sims was not damaged by Baker and Transamerica until the expiration of the 60-day period.

The cause will be reversed and remanded with instructions that the trial court award Sims judgment against Baker and Transamerica, jointly and severally, for the sum of $8,709.26 plus interest to be calculated in accordance herewith and reasonable attorney's fees to be determined by the trial court.