**FEATHERLITE BUILDING PRODUCTS CORP.,**
Appellant,

v.

**CONSTRUCTORS UNLIMITED, INC.,**
et al., Appellee.

No. B14–86–092–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 19, 1986.

Rehearing Denied July 31, 1986.

George R. Pain, Houston, for appellant.

Glen Van Slyke, Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

CANNON, Justice.

In 1984, appellant Featherlite Building Products Corporation ("Featherlite") furnished concrete building blocks to Crest Masonry, Inc. ("Crest") for the construction of a school in Stafford, Texas. Crest was a subcontractor of appellee Constructors Unlimited, Inc. ("Constructors"), the general contractor on the school project. Appellee Seaboard Surety Co. ("Seaboard") acted as surety for Constructors to secure payment for materials used on the project.

Featherlite invoiced Crest for blocks supplied to the project. Crest invoiced Constructors for these materials and for labor. Constructors paid Crest, but Crest did not pay Featherlite. Featherlite therefore sought to recover payment from Constructors and Seaboard under the provisions of the McGregor Act.

The trial court granted Constructor's and Seaboard's motion for summary judgment, apparently holding that Featherlite failed to .comply with the provisions of the McGregor Act. The disposition of this appeal depends upon whether Featherlite's Sworn Statement of Account satisfies the notice requirements of the McGregor Act.

We find that it does and therefore reverse the trial court's judgment. Because Constructors and Seaboard admitted at oral argument that summary judgment would have been proper in favor of Featherlite had Featherlite's Sworn Statement of Account been sufficient, we render judgment in favor of Featherlite.

Texas does not allow materialmen to affix liens against public school buildings. *Rice Common School Dist. No. 2 v. Oil City Iron Works*, 180 S.W. 1121 (Tex.Civ. App.—Dallas 1915, no writ). Therefore, the legislature enacted the McGregor Act which creates a method by which materialmen may be assured payment for materials they have provided. The Act requires general contractors to provide Payment Bonds. To entitle himself to sue on a Payment Bond, a materialman must comply with two notice requirements. The notice requirement at issue here is found in Tex.Rev.Civ. Stat.Ann. art. 5160(B)(a) (Vernon 1971). The relevant part of that section reads:

> Such claimant shall have given ... written notices of the claim by certified or registered mail, addressed to the prime contractor at his last known business address, or at his residence, and to the surety or sureties. Such notices shall be accompanied by a sworn statement of account stating *in substance* that the amount claimed is *just and correct* and that all just and lawful offsets, payments, and credits known to the affiant have been allowed. (emphasis added).

In pertinent part, Featherlite's Sworn Statement of Account states:

> Pursuant to a contract with Crest Masonry, Inc., Featherlite Building Products Corporation has furnished labor and/or materials in connection with the construction of certain improvements at the Dulles Junior High School, 1000 Dulles Avenue, Stafford, Texas 77477.
>
> The amount *due and unpaid* for such labor and/or materials, after allowing for all lawful offsets, payments, and credits, is $22,732.70, which amount is now claimed. (emphasis added).

The Sworn Statement of Account affirms, in the language of the statute, that it has allowed for all lawful offsets, payments, and credits. We must decide whether the words "due and unpaid" constitute, *in substance*, a statement that the amount claimed is "just and correct". We hold that they do.

■ Since the McGregor Act is remedial in nature, it is to be given the most comprehensive and liberal construction possible. *J.M. Hollis Construction Co., Inc. v. Paul Durham Co.*, 641 S.W.2d 354, 358 (Tex. App.—Corpus Christi 1982, no writ) (quoting *City of Mason v. West Texas Utilities Co.*, 150 Tex. 18, 237 S.W.2d 273, 280 (1951)).

> [M]any of the requirements of the statute are couched in broad general terms: "stating in substance", "approximate dates", "reasonably identifying", "generally itemized", "may at his option", etc., which terms, by their nature, defy a strict construction; while other requirements of the statute are more specific and indicate that the Legislature intended that some of the provisions should be strictly complied with. The rule of liberal construction, however, applies with full force to remedial statutes, and will be accorded the most comprehensive and liberal construction of which it is susceptible in order to accomplish the legislative purpose.

*United Benefit Fire Insurance Co. v. Metropolitan Plumbing Co.*, 363 S.W.2d 843, 847 (Tex.Civ.App.—El Paso 1962, no writ). The exact language of the McGregor Act's notice provisions is not required. *United Benefit*, 363 S.W.2d at 850. The McGregor Act's notice provisions require substantial compliance only. *Sims v. William S. Baker, Inc.*, 568 S.W.2d 725, 730 (Tex.Civ. App.—Texarkana 1978, writ ref'd n.r.e.).

■ It is our opinion that Featherlite's Sworn Statement of Account states in substance that the amount claimed is just and correct and that all just and lawful offsets, payments, and credits known to the affiant have been allowed. The sworn statement

shows that Featherlite provided bricks to Crest pursuant to a contract. We must presume the agreed upon price for the bricks was "just" because it was determined by independent, profit-motivated businessmen knowledgeable in the construction field. The sworn statement claims $22,732.70 is "due and unpaid". The affiant could not swear that this amount was *due* if it was not the correct amount. Finally, the statement says the claimed amount is the amount due after allowing for all lawful offsets, payments, and credits. Thus, the requirements of article 5160(B)(a) have been met.

Constructors and Seaboard do not dispute that Featherlite actually supplied the materials. Nor do they contest the amount of the claim. They urge this court to deprive Featherlite of its remedy because of a deficiency in the language it uses in its Sworn Statement of Account. They cite *Detroit Fidelity & Surety Co. v. State,* 124 Tex. 145, 76 S.W.2d 492 (1934) and *United Tile Co. v. Kermit Independent School District,* 273 S.W.2d 434 (Tex.Civ.App.—El Paso 1954, writ ref'd n.r.e.). We find these cases inapplicable because they were decided under an earlier version of article 5160. This article was amended in 1959. The amendment clearly reflects the intention of the Legislature to change the public policy of the state as previously declared by the Supreme Court in its decisions under the former statute. *United Benefit Fire Insurance Co. v. Metropolitan Plumbing Co.,* 363 S.W.2d 843, 847 (Tex.Civ.App.—El Paso 1962, no writ). We sustain Featherlite's first point of error.

Constructors and Seaboard admitted at oral argument that if the Sworn Statement of Account was sufficient to provide proper notice, Featherlite was entitled to judgment. We therefore render judgment in favor of Featherlite in the amount of $22,732.70 with prejudgment and postjudgment interest thereon at the legal rates, plus reasonable attorney's fees and costs of court.

Reversed and Rendered.