**CAPITOL INDEMNITY CORPORATION,**
Appellant,

v.

**KIRBY RESTAURANT EQUIPMENT AND CHEMICAL SUPPLY COMPANY, INC., Appellee.**

No. 04–04–00754–CV.

Court of Appeals of Texas, San Antonio.

June 8, 2005.

Ian M. McLin, Roy L. White, Shaddox, Compere, Walraven & Goode, P.C., San Antonio, for appellant.

Stephen J. Johnson, Hatzenbuehler General Contractors, Inc., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, KAREN ANGELINI, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

Capitol Indemnity Corporation appeals from a final judgment against it in a suit to recover on a payment bond. *See* TEX. GOV'T CODE ANN. § 2253.073 (Vernon 2000). We affirm the trial court's judgment.

### BACKGROUND

In February 2001, Capitol Indemnity Corporation issued a payment bond on a public works project pursuant to Texas Government Code Chapter 2253 for a project involving additions and renovations to Natalia Independent School District buildings. That same month, Kirby Restaurant Equipment and Chemical Supply Company entered into a contract with the general contractor for the project in which Kirby agreed to provide labor and materials. In May 2003, Kirby instituted this suit against both the general contractor and Capitol, as surety on the payment bond, alleging that it had provided the labor and materials as agreed but had not been paid by the general contractor.

Kirby alleged it had properly perfected its claim against the payment bond by correspondence dated May 7, 2002. Capitol denied that the correspondence was sufficient to comply with the notice requirements set out in the Texas Government Code for perfection of a claim. *See* TEX. GOV'T CODE ANN. § 2253.041(c) (Vernon 2000). On cross-motions for summary judgment, the trial judge granted summary judgment in favor of Kirby. This appeal timely followed.

### ANALYSIS

In its sole issue on appeal, Capitol contends that the trial court erred in granting Kirby's cross-motion for summary judgment and denying Capitol's motion for summary judgment. Capitol asserts that Kirby's claim for payment on the bond should have been barred as a matter of law due to Kirby's failure to strictly comply with the notice requirements provided in section 2253.041 of the Government Code. We disagree and accordingly affirm the trial court's judgment.

### Standard of Review

■ A summary judgment is reviewed *de novo. Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex.1994); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). The scope of review in an appeal from summary judgment is limited to issues expressly presented to the trial court by written motion or response. TEX.R. CIV. P. 166a (c); *Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 204 (Tex.2002). Where both parties have filed motions for summary judgment, and one is granted and one is denied, we review the summary judgment evidence presented by both sides and determine all questions presented and render such judgment as the trial court should have rendered. *Lubbock County, Tex. v. Trammel's Lubbock Bail Bonds,* 80 S.W.3d 580, 583 (Tex.2002).

Here, the facts regarding Kirby's claim are essentially undisputed. Capitol does not dispute that Kirby provided labor and materials for the public works project, nor does it challenge the amount of the claim asserted by Kirby. The only issue before the court is whether the notice provided by Kirby to Capitol and the general contractor, together with the accompanying sworn statement, is sufficient to satisfy the notice

requirements in section 2253.041 of the Texas Government Code.

### Perfection of a Claim

 A governmental entity that enters into a public works contract with a general contractor must under certain circumstances require the contractor to execute performance and payment bonds before work begins. TEX. GOV'T CODE ANN. § 2253.021(a) (Vernon Supp.2004–05). The purpose of the payment bond is to protect claimants who provide labor or materials in the construction of public works, because public property is protected from forced sale and therefore may not be made the subject of a mechanic's lien. *City of LaPorte v. Taylor*, 836 S.W.2d 829, 831–32 (Tex.App.-Houston [1st Dist.] 1992, no writ). In order to bring suit against the surety on a payment bond, the beneficiary must first properly perfect the claim. *See* TEX. GOV'T CODE ANN. § 2253.073. The statute is intended "to provide a simple and direct method of giving notice and perfecting such claims." *Taylor*, 836 S.W.2d at 832. Section 2253.041 provides that a payment bond beneficiary must "mail to the prime contractor and the surety written notice of the claim." TEX. GOV'T CODE ANN. § 2253.041(a). The notice must be "accompanied by a sworn statement of account that states in substance: (1) the amount claimed is just and correct; and (2) all just and lawful offsets, payments, and credits known to the affiant have been allowed." TEX. GOV'T CODE ANN. § 2253.041(c).

### Kirby's Notice to Capitol

The notice provided by Kirby to Capitol consisted of a letter dated May 7, 2002, accompanied by a sworn document entitled, "Application and Certificate for Payment." In the letter, Kirby states that the letter is intended to provide notice that the identified account has not been paid in accordance with the work performed for the month of February 2002. The letter states, "The sum of Seventy nine thousand nine hundred fifty six dollars and seventy five cents ($79,956.75) is currently unpaid and owing for such work, this amount does not include any agreed retainage .... if this deficiency should not be otherwise paid or settled, a claim may be filed on your bond." The attached sworn certificate for payment includes the following statement:

> The undersigned Contractor [Kirby] certifies that to the best of the Contractor's knowledge, information and belief the Work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for work for which previous Certifications for Payment were issued and payments received from the Owner, and that current payment shown herein is now due.

The document indicates that $79,956.75 is the "current payment due."

Capitol contends that Kirby's claim is barred as a matter of law because Kirby's letter and sworn statement are inadequate to properly perfect a payment bond claim. The alleged deficiencies are that the sworn statement does not indicate that "the amount claimed is just and correct," nor does it state that "all just and lawful offsets, payments, and credits known to the affiant have been allowed." *See* TEX. GOV'T CODE ANN. § 2253.041(c).

### Compliance with Statute

 Capitol contends that a claimant must strictly comply with the statute's notice requirements in order to properly perfect a claim. While it is true that notice is a substantive condition precedent to the ability to pursue a claim on the bond, we disagree that the notice must strictly conform to the exact language provided by the

statute. *Compare Commercial Union Ins. Co. v. Spaw–Glass Corp.*, 877 S.W.2d 538, 540 (Tex.App.-Austin 1994, writ denied) (holding "strict compliance" with statute is required where it is undisputed that claimant wholly failed to give notice to contractor), *and Barfield v. Henderson*, 471 S.W.2d 633, 637 (Tex.Civ.App.-Corpus Christi 1971, writ ref'd n.r.e.) (same holding), *with Featherlite Bldg. Prod. Corp. v. Constructors Unlimited, Inc.*, 714 S.W.2d 68, 69 (Tex.App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.) ("The exact language of the McGregor Act's notice provisions is not required.").[1]

■■■■ The statute establishing the procedure for presenting a claim against a payment bond on a public contract is remedial in nature and should therefore be construed liberally to accomplish its purposes. *Taylor*, 836 S.W.2d at 832; *Featherlite*, 714 S.W.2d at 69. In addition, the language of the statute itself indicates that substantial compliance is all that is required. *Featherlite*, 714 S.W.2d at 69.

Kirby's letter and sworn statement indicate that the amount of the claim is "currently unpaid and owing," "now due," and represents the "current payment due." It further affirms that the amount claimed is for work that has been completed in accordance with the contract. We conclude that this language is sufficient to inform the surety, in substance, that the amount claimed is "just and correct" in compliance with the statute. *See Featherlite*, 714 S.W.2d at 69.[2] In addition, the statement indicates that all previous certifications for payment had been paid by the contractor and that the current amount represents what is "now due," suggesting that "all just and lawful offsets, payments, and credits known to the affiant have been allowed." *See id. at 70.* While Kirby did not use the exact language of the statute, we conclude that the documentation provided to Capitol was sufficient to fulfill the statute's purpose—to provide the surety with knowledge of the substance of the claim and to protect claimants who furnish labor and materials in the construction of public works with a simple and direct method of providing notice of their claims. *City of Mason v. W. Tex. Util. Co.*, 150 Tex. 18, 237 S.W.2d 273, 280 (1951) ("If a statute is curative or remedial in its nature, the rule is generally applied that it be given the most comprehensive and liberal construction possible. It certainly should not be given a narrow, technical construction which would defeat the very purpose for which the statute was enacted."); *Taylor*, 836 S.W.2d at 832.

Because we conclude that Kirby's notice substantially complies with the statutory requirements for perfection of its claim against the bond, and because no other issues were raised challenging the claim, we affirm the trial court's judgment against Capitol.

---

1. The current version of the McGregor Act is codified in the Texas Government Code. *See* Tex.Rev.Civ. Stat. Ann. art. 5160ʼ (Vernon 1987), *repealed by* Act of May 22, 1993, 73rd Leg., R.S., ch. 268, § 46(1), 1993 Tex. Gen. Laws 583, 986 (current version at Tex. Gov't Code Ann. §§ 2253.001–.079 (Vernon 2000 & Supp.2004–05)).

2. We presume that the agreed upon price for the labor and materials to be provided by Kirby was "just" as it was negotiated by sophisticated and knowledgeable parties, and there is no complaint that the amount claimed is not in accordance with the parties' agreement. *See Featherlite*, 714 S.W.2d at 70.