REDLAND INSURANCE COMPANY, Appellant,

v.

SOUTHWEST STAINLESS, L.P., Appellee.

No. 2–05–142–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 1, 2005.

Hance Scarborough Wright Ginsberg & Brusilow, Alan J. Harlan, David B. Koch, Dallas, for appellant.

Law Office of Thad D. Spalding, Thad D. Spalding, Dallas, Robert G. Buchanan, Jr., Addison, for appellee.

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

## OPINION

SUE WALKER, Justice.

### I. INTRODUCTION

Appellee Southwest Stainless, L.P. (Stainless) sued Redland Insurance Company (Redland) on a payment bond Red-

land provided pursuant to Chapter 2253 of the Texas Government Code to prime contractor S.L. Sibert Company (Sibert) to secure Sibert's payment to all subcontractors on a construction project for the City of Fort Worth. Sibert had purchased materials for the project from Stainless but never paid for them. Eventually, Stainless sued both Redland and Sibert; Sibert declared bankruptcy and was dismissed from the suit. Following a bench trial, the trial court entered judgment for Stainless on its claim against Redland on the payment bond. This appeal followed, and the sole issue we address is whether Stainless substantially complied with the notice requirements of Chapter 2253. *See* TEX. GOV'T CODE ANN. §§ 2253.001–.079 (Vernon 2000 & Supp.2005).[1] Because we hold that Stainless substantially complied with the notice requirements, we will affirm.

## II. FACTUAL BACKGROUND

Prior to trial, Stainless and Redland stipulated to the amount in dispute, the amount of attorney's fees that should be awarded, and to the fact that Stainless's April 15, 2003, May 15, 2003, June 13, 2003, and July 15, 2003 certified mail, return receipt requested notices to Redland constituted sufficient notice to Redland under Chapter 2253 of Stainless's claim on the bond. Stainless copied Sibert with its notices to Redland, mailing the copies to Sibert by regular mail. The parties likewise stipulated that Sibert received at least two of these copies, the May 15, 2003 letter and the July 15, 2003 letter. Redland nonetheless contends that the trial court erred by entering judgment for Stainless because it contends Stainless was required to send the copies it sent to Sibert by certified mail, return receipt requested. Redland contends in two issues that Stainless's failure to mail the copies to Sibert by certified mail, return receipt requested precludes Stainless's recovery on Redland's payment bond.

## III. Notice Under Government Code Chapter 2253

■ A governmental entity that enters into a public works contract with a general contractor must under certain circumstances require the contractor to execute performance and payment bonds before work begins. TEX. GOV'T CODE ANN. § 2253.021(a) (Vernon Supp.2005). The purpose of the payment bond is to protect claimants who provide labor or materials in the construction of public works because public property is protected from forced sale and therefore may not be made the subject of a mechanic's lien. *Capitol Indem. Corp. v. Kirby Rest. Equip. & Chem. Supply Co.*, 170 S.W.3d 144, 147 (Tex.App.-San Antonio 2005, pet. filed); *Ramex Constr. Co. v. Tamcon Servs. Inc.*, 29 S.W.3d 135, 139 (Tex.App.-Houston [14th Dist.] 2000, no pet.); *City of LaPorte v. Taylor*, 836 S.W.2d 829, 831–32 (Tex.App.-Houston [1st Dist.] 1992, no writ). In order to bring suit against the surety on a payment bond, the beneficiary must first properly perfect the claim. *Capitol Indem. Corp.*, 170 S.W.3d at 147 (citing TEX. GOV'T CODE ANN. § 2253.073). The statute is intended "to provide a simple and direct method of giving notice and perfecting such claims." *Id.* (quoting *Taylor*, 836 S.W.2d at 832). Section 2253.041 provides that a payment bond beneficiary must "mail to the prime contractor and the surety written notice of the claim." TEX. GOV'T CODE ANN. § 2253.041(a) (Vernon 2000); *Capitol Indem. Corp.*, 170 S.W.3d at 147.

---

1. Chapter 2253 of the Texas Government Code is also called the McGregor Act. It was previously codified in the Texas Revised Civil Statutes. *See Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 392 n. 1 (Tex.1997).

The notice must be "accompanied by a sworn statement of account that states in substance: (1) the amount claimed is just and correct; and (2) all just and lawful offsets, payments, and credits known to the affiant have been allowed." TEX. GOV'T CODE ANN. § 2253.041(c); *Capitol Indem. Corp.*, 170 S.W.3d at 147. Section 2253.048(a) requires that the notice required by the Act be sent by certified or registered mail. TEX. GOV'T CODE ANN. § 2253.048(a) (Vernon 2000).

 Because the McGregor Act is remedial in nature, "it is to be given the most comprehensive and liberal construction possible." *Featherlite Bldg. Prods. Corp. v. Constructors Unlimited, Inc.*, 714 S.W.2d 68, 69 (Tex.App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.) (also holding, "The exact language of the McGregor Act's notice provisions is not required."). The Act's notice requirements are satisfied by substantial compliance. *Ramex Constr. Co.*, 29 S.W.3d at 139; *Featherlite Bldg. Prods.*, 714 S.W.2d at 69; *Sims v. William S. Baker, Inc.*, 568 S.W.2d 725, 730 (Tex. Civ.App.-Texarkana 1978, no writ); *see also Lesikar Constr. Co. v. Acoustex, Inc.*, 509 S.W.2d 877, 884 (Tex.Civ.App.-Fort Worth 1974, writ ref'd n.r.e.).

### IV. APPLICATION OF THE LAW TO THE FACTS

 The parties stipulated that the notices received by Redland from Stainless complied with the statutory requisites. *See* TEX. GOV'T CODE ANN. § 2253.041(a), (c). Redland argues, however, that the statute required Stainless to also provide notice to the prime contractor—Sibert—by certified mail, return receipt requested. Lisa McClung, the area credit manager for Stainless, testified that copies of each of the notices sent to Redland were sent to Sibert by first-class regular mail on the same date they were mailed to Redland; she "actually, personally, put those in the mail." Terry Barker, testified that he was employed by Stainless as a credit manager during the relevant period, and that the notices mailed to Sibert by first-class mail were not returned to Stainless based on any nondeliverability.

According to Redland, however, the notice provisions of the Act are to be strictly construed so that Stainless's mailing of copies of the notices to Sibert by regular mail precludes Stainless's recovery from Redland on the payment bond—despite McClung's testimony that she personally placed in the mail the notices addressed to Sibert, despite Barker's testimony that Sibert's copies of the notices were not returned to Stainless for any reason, and despite the parties' stipulation that Sibert received two of the notices. We cannot agree. Numerous courts, including this court, have held that the Act is remedial in nature and that its provisions, including its notice provisions, are to be liberally construed. *Ramex Constr. Co.*, 29 S.W.3d at 139; *Featherlite Bldg. Prods.*, 714 S.W.2d at 69; *Sims*, 568 S.W.2d at 730; *Lesikar Constr. Co.*, 509 S.W.2d at 877. We realize that these cases do not deal with the exact issue presented here—mailing notice to the prime contractor by first-class regular mail instead of certified mail—but instead deal with the sufficiency of the information set forth in the statutorily required notice. Because substantial compliance with the statutory requisites setting forth the information to be included in the notice is satisfactory, mailing notices by first-class regular mail instead of by certified mail in light of testimony by an employee that she placed the copies in the mail on the date of the notice and that the notices were not returned for any reason, and a stipulation that two of the notices were actually received, likewise substantially complies with the statute. We hold that Stainless sub-

stantially complied with the notice provisions of the Act.

The cases cited by Redland do not compel an opposite holding. *See, e.g., Wesco Distribution, Inc. v. Westport Group, Inc.,* 150 S.W.3d 553, 558 (Tex.App.-Austin 2004, no pet.) (holding notice must be *timely,* not that notice to the prime contractor by first-class regular mail precludes recovery); *Tex. Constr. Assocs. v. Balli,* 558 S.W.2d 513, 518–19 (Tex.Civ.App.-Corpus Christi 1977, no writ) (same); *Bunch Elec. Co. v. Tex–Craft Builders, Inc.,* 480 S.W.2d 42, 45–46 (Tex.Civ.App.-Tyler 1972, no writ) (holding notice to surety's attorney— in absence of evidence that attorney was agent in fact or agent for service—did not comply with statutory requirement that notice be provided to surety and that "[i]n the absence of any showing of actual notice [to the surety], the provisions requiring notice be sent by certified or registered mail is mandatory"). Here, the parties stipulated that Redland received actual, timely, adequate notice by certified mail, return receipt requested. We overrule Redland's first and second issues.

## V. CONCLUSION

Having overruled the two issues presented by Redland, we affirm the trial court's judgment.