COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-142-CV

 

 

REDLAND INSURANCE COMPANY                                          APPELLANT

 

                                                   V.

 

SOUTHWEST STAINLESS, L.P.                                                 APPELLEE

 

                                              ------------

 

         FROM COUNTY
COURT AT LAW NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.  Introduction








Appellee Southwest Stainless, L.P. (Stainless)
sued Redland Insurance Company (Redland) on a payment bond Redland provided
pursuant to Chapter 2253 of the Texas Government Code to prime contractor S.L.
Sibert Company (Sibert) to secure Sibert=s
payment to all subcontractors on a construction project for the City of Fort
Worth.  Sibert had purchased materials
for the project from Stainless but never paid for them.  Eventually, Stainless sued both Redland and
Sibert; Sibert declared bankruptcy and was dismissed from the suit.  Following a bench trial, the trial court
entered judgment for Stainless on its claim against Redland on the payment
bond.  This appeal followed, and the sole
issue we address is whether Stainless substantially complied with the notice
requirements of Chapter 2253.  See
Tex. Gov=t Code
Ann. '' 2253.001-.079 (Vernon 2000
& Supp. 2005).[1]  Because we hold that Stainless substantially
complied with the notice requirements, we will affirm.

II.  Factual Background








Prior to trial, Stainless and Redland stipulated
to the amount in dispute, the amount of attorney=s fees
that should be awarded, and to the fact that Stainless=s April
15, 2003, May 15, 2003, June 13, 2003, and July 15, 2003 certified mail, return
receipt requested notices to Redland constituted sufficient notice to Redland
under Chapter 2253 of Stainless=s claim
on the bond. Stainless copied Sibert with its notices to Redland, mailing the
copies to Sibert by regular mail.  The
parties likewise stipulated that Sibert received at least two of these copies,
the May 15, 2003 letter and the July 15, 2003 letter.  Redland nonetheless contends that the trial
court erred by entering judgment for Stainless because it contends Stainless
was required to send the copies it sent to Sibert by certified mail, return
receipt requested.  Redland contends in
two issues that Stainless=s failure to mail the copies to
Sibert by certified mail, return receipt requested precludes Stainless=s
recovery on Redland=s payment bond.

III. 
Notice Under Government Code Chapter 2253








A governmental entity that enters into a public
works contract with a general contractor must under certain circumstances
require the contractor to execute performance and payment bonds before work
begins.  Tex. Gov't Code Ann. '
2253.021(a) (Vernon Supp. 2005). The purpose of the payment bond is to protect
claimants who provide labor or materials in the construction of public works
because public property is protected from forced sale and therefore may not be
made the subject of a mechanic's lien.  Capitol
Indem. Corp. v. Kirby Rest. Equip. & Chem. Supply Co., 170 S.W.3d 144,
147 (Tex. App.CSan Antonio 2005, pet. filed); Ramex
Constr. Co. v. Tamcon Servs. Inc., 29 S.W.3d 135, 139 (Tex. App.CHouston
[14th Dist.] 2000, no pet.); City of LaPorte v. Taylor, 836 S.W.2d 829,
831‑32 (Tex. App.CHouston [1st Dist.] 1992, no
writ).  In order to bring suit against
the surety on a payment bond, the beneficiary must first properly perfect the
claim.  Capitol Indem. Corp., 170
S.W.3d at 147 (citing Tex. Gov't Code
Ann. ' 2253.073).  The statute is intended Ato
provide a simple and direct method of giving notice and perfecting such claims.@  Id. (quoting Taylor, 836 S.W.2d
at 832).  Section 2253.041 provides that
a payment bond beneficiary must Amail to
the prime contractor and the surety written notice of the claim.@  Tex.
Gov't Code Ann. ' 2253.041(a) (Vernon 2000); Capitol
Indem. Corp., 170 S.W.3d at 147.  The
notice must be Aaccompanied by a sworn statement
of account that states in substance: (1) the amount claimed is just and
correct; and (2) all just and lawful offsets, payments, and credits known to
the affiant have been allowed.@  Tex.
Gov't Code Ann. ' 2253.041(c); Capitol Indem.
Corp., 170 S.W.3d at 147.  Section
2253.048(a) requires that the notice required by the Act be sent by certified
or registered mail.  Tex. Gov't Code Ann. '
2253.048(a) (Vernon 2000).    








Because the McGregor Act is remedial in nature, Ait is to
be given the most comprehensive and liberal construction possible.@  Featherlite Bldg. Prods.  Corp. v. Constructors Unlimited, Inc.,
714 S.W.2d 68, 69 (Tex. App.CHouston
[14th Dist.] 1986, writ ref'd n.r.e.) 
(also holding, AThe exact language of the
McGregor Act's notice provisions is not required.@). The
Act's notice requirements are satisfied by substantial compliance.  Ramex Constr. Co., 29 S.W.3d at 139; Featherlite
Bldg. Prods., 714 S.W.2d at 69; Sims v. William S. Baker, Inc., 568
S.W.2d 725, 730 (Tex. Civ. App.CTexarkana
1978, no writ); see also Lesikar Constr. Co. v. Acoustex, Inc., 509
S.W.2d 877, 884 (Tex. Civ. App.CFort
Worth 1974, writ ref'd n.r.e.).

IV.  Application of the Law to the Facts

The parties stipulated that the notices received
by Redland from Stainless complied with the statutory requisites.  See Tex.
Gov't Code Ann. ' 2253.041(a), (c).  Redland argues, however, that the statute
required Stainless to also provide notice to the prime contractorCSibertCby
certified mail, return receipt requested. 
Lisa McClung, the area credit manager for Stainless, testified that
copies of each of the notices sent to Redland were sent to Sibert by
first-class regular mail on the same date they were mailed to Redland; she Aactually,
personally, put those in the mail.@  Terry Barker, testified that he was employed
by Stainless as a credit manager during the relevant period, and that the
notices mailed to Sibert by first-class mail were not returned to Stainless
based on any nondeliverability.








According to Redland, however, the notice
provisions of the Act are to be strictly construed so that Stainless=s
mailing of copies of the notices to Sibert by regular mail precludes Stainless=s
recovery from Redland on the payment bondCdespite
McClung=s
testimony that she personally placed in the mail the notices addressed to
Sibert, despite Barker=s testimony that Sibert=s copies
of the notices were not returned to Stainless for any reason, and despite  the parties=
stipulation that Sibert received two of the notices.  We cannot agree.  Numerous courts, including this court, have
held that the Act is remedial in nature and that its provisions, including its
notice provisions, are to be liberally construed.  Ramex Constr. Co., 29 S.W.3d at 139; Featherlite
Bldg. Prods., 714 S.W.2d at 69; Sims, 568 S.W.2d at 730; Lesikar
Constr. Co., 509 S.W.2d at 877.  We
realize that these cases do not deal with the exact issue presented hereCmailing
notice to the prime contractor by first-class regular mail instead of certified
mailCbut
instead deal with the sufficiency of the information set forth in the
statutorily required notice.  Because
substantial compliance with the statutory requisites setting forth the
information to be included in the notice is satisfactory, mailing notices by
first-class regular mail instead of by certified mail in light of testimony by
an employee that she placed the copies in the mail on the date of the notice
and that the notices were not returned for any reason, and a stipulation that
two of the notices were actually received, likewise substantially complies with
the statute.  We hold that Stainless
substantially complied with the notice provisions of the Act.  








The cases cited by Redland do not compel an
opposite holding.  See, e.g.,  Wesco Distribution, Inc. v. Westport Group,
Inc., 150 S.W.3d 553, 558 (Tex. App.CAustin
2004, no pet.) (holding notice must be timely, not that notice to the
prime contractor by first-class regular mail precludes recovery); Tex.
Constr. Assocs. v. Balli, 558 S.W.2d 513, 518-19 (Tex. Civ. App.CCorpus
Christi 1997, no writ) (same); Bunch Elec. Co. v. Tex-Craft Builders, Inc.,
480 S.W.2d 42, 45-46 (Tex. Civ. App.CTyler
1972, no writ) (holding notice to surety=s
attorneyCin
absence of evidence that attorney was agent in fact or agent for serviceCdid not
comply with statutory requirement that notice be provided to surety and that A[i]n the
absence of any showing of actual notice [to the surety], the provisions
requiring notice be sent by certified or registered mail is mandatory@).  Here, the parties stipulated that Redland
received actual, timely, adequate notice by certified mail, return receipt
requested.  We overrule Redland=s first
and second issues.

V.  Conclusion

Having overruled the two issues presented by
Redland, we affirm the trial court=s
judgment.

 

 

SUE
WALKER

JUSTICE

 

PANEL B:   LIVINGSTON, GARDNER, and WALKER, JJ.

 

DELIVERED: December 1,
2005











[1]Chapter 2253 of the Texas
Government Code is also called the McGregor Act.  It was previously codified in the Texas
Revised Civil Statutes.  See Green Int=l, Inc. v. Solis, 951 S.W.2d 384, 392 n.1
(Tex. 1997).