**Affirmed and Memorandum Opinion filed January 5, 2012.**



**In The**

# Fourteenth Court of Appeals

————————————

**NO. 14-11-00339-CV**

————————————

**HABANERO, INC., Appellant**

**V.**

**JIM SCHWEITZER AND GEORGE WOOD, Appellees**

**On Appeal from the County Court at Law No. 2**
**Galveston County, Texas**
**Trial Court Cause No. CV-0062041A**

## MEMORANDUM OPINION

This is an appeal from the trial court's granting of summary judgments in favor of appellees, Jim Schweitzer and George Wood. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Our recitation of the facts in this appeal is limited by the paucity of the record on appeal. While this is an appeal from the granting of motions for summary judgment, the motions, the responses, if any, and the summary judgment evidence, if any, are not

included in the record on appeal.[1] In addition, the Original Petition and the defendants' answers are not included in the record. As a result, we are unable to determine the facts underlying this appeal from the appellate record.[2]

Based on the parties' briefs, this appeal grows out of appellant, Habanero, Inc.'s attempt to purchase a Galveston condominium. Litigation ensued, and each appellee moved for summary judgment, which the trial court granted.[3] The trial court then severed the actions against appellees. Appellant filed a motion for new trial, which the trial court denied. This appeal followed.

## DISCUSSION

In two issues on appeal, appellant asserts that the trial court erred in granting both appellees' motions for summary judgment.[4] We address the issues together.

In *Enterprise Leasing Co. v. Barrios*, the Supreme Court placed the burden squarely on the party challenging the grant of a summary judgment on appeal to ensure that all documents needed for the appellate court to review the correctness of the summary judgment are in the record. *Enter. Leasing Co. v. Barrios*, 156 S.W.3d 547, 549–50 (Tex. 2004); *Mallios v. Standard Ins. Co.*, 237 S.W.3d 778, 782 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (citing *Enter. Leasing Co.*, 156 S.W.3d at 549–50). If the party

---

[1] We note at the outset of this opinion that the record on appeal consists only of the Clerk's Record, which totals 18 pages. The documents found in the Clerk's Record include: (1) Order to Sever; (2) Final Summary Judgment for Defendant Jim Schweitzer; (3) Final Summary Judgment for Defendant George Wood; (4) Plaintiff's Motion for New Trial and to Set Aside Orders Granting Summary Judgment; (5) Jim Schweitzer's Motion to Set Hearing on Plaintiff's Motion for New Trial; (6) Order Setting Hearing; (7) Order Denying Plaintiff's Motion for New Trial; and (8) Plaintiff's Notice of Appeal.

[2] Although Appellant attached a large number of documents in an appendix to its appellate brief, we may not consider documents attached to an appellate brief that are not part of the appellate record. *Ramex Constr. Co. v. Tamcon Servs., Inc.*, 29 S.W.3d 135, 138 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

[3] The record on appeal does not indicate whether the motions were traditional or no-evidence motions for summary judgment. *See* Tex. R. Civ. P. 166a(c) & (i).

[4] Appellant does not raise an issue on appeal challenging the trial court's denial of its motion for new trial.

2

challenging the summary judgment on appeal fails to meet that burden, the appellate court may apply the presumption that the omitted documents support the trial court's judgment and affirm the trial court's summary judgment on that basis. *Id.* As in *Mallios*, based on the record before us, we do not know whether appellees' motions for summary judgment were traditional or no-evidence motions. *See id.* at 783. We do not know the arguments appellees made in their motions and what evidence, if any, they presented. *See id.* Likewise, we do not have appellant's summary judgment responses, if any, and do not know what arguments appellant made, and what evidence, if any, appellant submitted to demonstrate that appellees were not entitled to summary judgment. *See id.* Therefore, based on the state of the record before us, we must presume that the motions and evidence submitted by appellees support the trial court's summary judgments. *See id.* We overrule appellant's issues on appeal.

## CONCLUSION

Having overruled appellant's issues on appeal, we affirm the trial court's summary judgments.

/s/    Adele Hedges
Chief Justice

Panel consists of Chief Justice Hedges and Justices Christopher and McCally.

3