OPINION

No. 04-04-00754-CV

CAPITOL INDEMNITY CORPORATION,
Appellant

v.

KIRBY RESTAURANT EQUIPMENT AND CHEMICAL SUPPLY COMPANY, INC.,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2003-CI-06980
Honorable Janet P. Littlejohn, Judge Presiding
 
Opinion by:    Phylis J. Speedlin, Justice
 
Sitting:            Alma L. López, Chief Justice
Karen Angelini, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   June 8, 2005

AFFIRMED
            Capitol Indemnity Corporation appeals from a final judgment against it in a suit to recover
on a payment bond. See Tex. Gov’t Code Ann. § 2253.073 (Vernon 2000). We affirm the trial
court’s judgment.
 

Background
            In February 2001, Capitol Indemnity Corporation issued a payment bond on a public works
project pursuant to Texas Government Code Chapter 2253 for a project involving additions and
renovations to Natalia Independent School District buildings. That same month, Kirby Restaurant
Equipment and Chemical Supply Company entered into a contract with the general contractor for
the project in which Kirby agreed to provide labor and materials. In May 2003, Kirby instituted this
suit against both the general contractor and Capitol, as surety on the payment bond, alleging that it
had provided the labor and materials as agreed but had not been paid by the general contractor. 
            Kirby alleged it had properly perfected its claim against the payment bond by correspondence
dated May 7, 2002. Capitol denied that the correspondence was sufficient to comply with the notice
requirements set out in the Texas Government Code for perfection of a claim. See Tex. Gov’t Code
Ann. § 2253.041 (c) (Vernon 2000). On cross-motions for summary judgment, the trial judge
granted summary judgment in favor of Kirby. This appeal timely followed.
Analysis
            In its sole issue on appeal, Capitol contends that the trial court erred in granting Kirby’s
cross-motion for summary judgment and denying Capitol’s motion for summary judgment. Capitol
asserts that Kirby’s claim for payment on the bond should have been barred as a matter of law due
to Kirby’s failure to strictly comply with the notice requirements provided in section 2253.041 of
the Government Code. We disagree and accordingly affirm the trial court’s judgment.
Standard of Review
            A summary judgment is reviewed de novo. Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699
(Tex. 1994); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). The scope of
review in an appeal from summary judgment is limited to issues expressly presented to the trial court
by written motion or response. Tex. R. Civ. P. 166a (c); Johnson v. Brewer & Pritchard, P.C., 73
S.W.3d 193, 204 (Tex. 2002). Where both parties have filed motions for summary judgment, and
one is granted and one is denied, we review the summary judgment evidence presented by both sides
and determine all questions presented and render such judgment as the trial court should have
rendered. Lubbock County, Tex. v. Trammel’s Lubbock Bail Bonds, 80 S.W.3d 580, 583 (Tex.
2002). 
            Here, the facts regarding Kirby’s claim are essentially undisputed. Capitol does not dispute
that Kirby provided labor and materials for the public works project, nor does it challenge the
amount of the claim asserted by Kirby. The only issue before the court is whether the notice
provided by Kirby to Capitol and the general contractor, together with the accompanying sworn
statement, is sufficient to satisfy the notice requirements in section 2253.041 of the Texas
Government Code.
Perfection of a Claim
            A governmental entity that enters into a public works contract with a general contractor must
under certain circumstances require the contractor to execute performance and payment bonds before
work begins. Tex. Gov’t Code Ann. § 2253.021 (a) (Vernon Supp. 2004-05). The purpose of the
payment bond is to protect claimants who provide labor or materials in the construction of public
works, because public property is protected from forced sale and therefore may not be made the
subject of a mechanic’s lien. City of LaPorte v. Taylor, 836 S.W.2d 829, 831-32 (Tex. App. —
Houston [1st Dist.] 1992, no writ). In order to bring suit against the surety on a payment bond, the
beneficiary must first properly perfect the claim. See Tex. Gov’t Code Ann. § 2253.073. The
statute is intended “to provide a simple and direct method of giving notice and perfecting such
claims.” Taylor, 836 S.W.2d at 832. Section 2253.041 provides that a payment bond beneficiary
must “mail to the prime contractor and the surety written notice of the claim.” Tex. Gov’t Code
Ann. § 2253.041 (a). The notice must be “accompanied by a sworn statement of account that states
in substance: (1) the amount claimed is just and correct; and (2) all just and lawful offsets, payments,
and credits known to the affiant have been allowed.” Tex. Gov’t Code Ann. § 2253.041 (c). 
Kirby’s Notice to Capitol
            The notice provided by Kirby to Capitol consisted of a letter dated May 7, 2002,
accompanied by a sworn document entitled, “Application and Certificate for Payment.” In the letter,
Kirby states that the letter is intended to provide notice that the identified account has not been paid
in accordance with the work performed for the month of February 2002. The letter states, “The sum
of Seventy nine thousand nine hundred fifty six dollars and seventy five cents ($79,956.75) is
currently unpaid and owing for such work, this amount does not include any agreed retainage. . . .
if this deficiency should not be otherwise paid or settled, a claim may be filed on your bond.” The
attached sworn certificate for payment includes the following statement:
The undersigned Contractor [Kirby] certifies that to the best of the Contractor’s
knowledge, information and belief the Work covered by this Application for Payment
has been completed in accordance with the Contract Documents, that all amounts
have been paid by the Contractor for work for which previous Certifications for
Payment were issued and payments received from the Owner, and that current
payment shown herein is now due.
The document indicates that $79,956.75 is the “current payment due.” 
            Capitol contends that Kirby’s claim is barred as a matter of law because Kirby’s letter and
sworn statement are inadequate to properly perfect a payment bond claim. The alleged deficiencies
are that the sworn statement does not indicate that “the amount claimed is just and correct,” nor does
it state that “all just and lawful offsets, payments, and credits known to the affiant have been
allowed.” See Tex. Gov’t Code Ann. § 2253.041 (c). 
Compliance with Statute
            Capitol contends that a claimant must strictly comply with the statute’s notice requirements
in order to properly perfect a claim. While it is true that notice is a substantive condition precedent
to the ability to pursue a claim on the bond, we disagree that the notice must strictly conform to the
exact language provided by the statute. Compare Commercial Union Ins. Co. v. Spaw-Glass Corp.,
877 S.W.2d 538, 540 (Tex. App. — Austin 1994, writ denied) (holding “strict compliance” with
statute is required where it is undisputed that claimant wholly failed to give notice to contractor), and
Barfield v. Henderson, 471 S.W.2d 633, 637 (Tex. Civ. App. — Corpus Christi 1971, writ ref’d
n.r.e.) (same holding), with Featherlite Bldg. Prod. Corp. v. Constructors Unlimited, Inc., 714
S.W.2d 68, 69 (Tex. App. — Houston [14th Dist.] 1986, writ ref’d n.r.e.) (“The exact language of
the McGregor Act’s notice provisions is not required.”).



            The statute establishing the procedure for presenting a claim against a payment bond on a
public contract is remedial in nature and should therefore be construed liberally to accomplish its
purposes. Taylor, 836 S.W.2d at 832; Featherlite, 714 S.W.2d at 69. In addition, the language of
the statute itself indicates that substantial compliance is all that is required. Featherlite, 714 S.W.2d
at 69. 
            Kirby’s letter and sworn statement indicate that the amount of the claim is “currently unpaid
and owing,” “now due,” and represents the “current payment due.” It further affirms that the amount
claimed is for work that has been completed in accordance with the contract. We conclude that this
language is sufficient to inform the surety, in substance, that the amount claimed is “just and correct”
in compliance with the statute. See Featherlite, 714 S.W.2d at 69.


 In addition, the statement
indicates that all previous certifications for payment had been paid by the contractor and that the
current amount represents what is “now due,” suggesting that “all just and lawful offsets, payments,
and credits known to the affiant have been allowed.” See id. at 70. While Kirby did not use the
exact language of the statute, we conclude that the documentation provided to Capitol was sufficient
to fulfill the statute’s purpose – to provide the surety with knowledge of the substance of the claim
and to protect claimants who furnish labor and materials in the construction of public works with
a simple and direct method of providing notice of their claims. City of Mason v. W. Tex. Util. Co.,
150 Tex. 18, 237 S.W.2d 273, 280 (1951) (“If a statute is curative or remedial in its nature, the rule
is generally applied that it be given the most comprehensive and liberal construction possible. It
certainly should not be given a narrow, technical construction which would defeat the very purpose
for which the statute was enacted.”); Taylor, 836 S.W.2d at 832. 
            Because we conclude that Kirby’s notice substantially complies with the statutory
requirements for perfection of its claim against the bond, and because no other issues were raised
challenging the claim, we affirm the trial court’s judgment against Capitol.
 
Phylis J. Speedlin, Justice