Affirmed and Memorandum Opinion filed September 27, 2007








Affirmed and Memorandum Opinion filed September 27, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01143-CV

____________

 

MILYN CANADA, INDIVIDUALLY AND ON
BEHALF OF HER MINOR CHILD, S.C., Appellant

 

V.

 

TALEN=S MARINE & FUEL, INC. AND BARRY
MILLER,
Appellees

 



 

On Appeal from the 61st
District Court

Harris County, Texas

Trial Court Cause No. 2005-59031

 



 

M E M O R A N D U M   O P I N I O N








In this interlocutory appeal,[1]
appellant Milyn Canada, individually and on behalf of her minor child, S. C.,
appeal the trial court=s order granting appellees, Talen=s Marine &
Fuel , Inc. (ATalen@) and Barry Miller=s special
appearances. In a single issue, appellant argues the trial court erred when it
granted appellees= special appearances as appellees= contacts with
Texas are sufficient to give the trial court personal jurisdiction over
appellees.  Finding no error, we affirm.

Factual and Procedural Background

Before we can lay out the facts of this appeal, we must
first address a preliminary issue of exactly what evidence is in the record on
appeal.  Appellant attached three documents in an appendix to her brief to this
court that are not found in the appellate record.  We may not consider exhibits
or appendices attached to briefs that are not part of the appellate record.  Ramex
Construction Co. v. Tamcon Services, Inc., 29 S.W.3d 135, 138 (Tex. App.CHouston [14th
Dist.] 2000,  no pet.).  Therefore, we may not consider these documents in our
review of the trial court=s order granting appellees= special
appearance.  With that introduction, we examine the facts underlying this
appeal.

On July 15, 2005, appellant was driving home to Houston on
Interstate 10 in Lake Charles, Louisiana when her vehicle was involved in a
collision with one of Talen=s delivery trucks.  Talen=s employee, Barry
Miller, a Louisiana resident, was the driver of the truck.  At the time of the
collision, Miller was traveling to Westlake, Louisiana to pick up fuel for a
delivery to a Talen customer in Jeanerette, Louisiana.








Talen is a Louisiana corporation with its principal place
of business in Lake Arthur, Louisiana.  Miller is a resident of Louisiana. 
Talen does not have a permanent office in Texas, does not have a Texas bank
account, and does not own property in Texas.  Talen contracts with its business
customers, all of which have their principal places of business in Louisiana,
to deliver fuel to locations designated by Talen=s customers. 
Talen admits that some of those deliveries are to locations in Texas. 
According to Talen, these deliveries are minimal, comprising one percent or
less of Talen=s monthly fuel deliveries.  Talen maintains a passive
website in that it is
used solely for advertising and does not allow the exchange of information
between Talen and potential customers.  On this website, Talen advertises it is
a member of the TAAA, which appellant suggests is the acronym for the Texas
Agricultural Aviation Association.  In addition, Talen=s website advertises that it Aprovides
fuel delivery services to Louisiana, Mississippi, Texas, and Alabama using it=s [sic] own fleet of 18 wheelers and bobtails@ and offers free delivery to all of Louisiana and southeast
Texas.

Appellant filed suit against appellees in
Harris County, Texas.  Appellees filed special appearances objecting to the
trial court asserting personal jurisdiction over them, which the trial court
granted. This interlocutory appeal followed.      

Discussion

A.      Standard
of Review

The plaintiff bears the initial burden of
pleading sufficient allegations to bring a nonresident defendant within the
personal jurisdiction of a Texas court.  BMC Software Belgium, N.V. v.
Marchand, 83 S.W.3d 789, 793 (Tex. 2002).  A defendant challenging the
court=s assertion of personal jurisdiction must negate all
jurisdictional bases.  Id.

Whether a court has personal jurisdiction over
a defendant is a question of law, which we review de novo.  Id.
at 794.  Frequently when deciding a special appearance, a trial court must
resolve questions of fact before deciding the jurisdiction question.  Id. 
When, as here, a trial court does not issue findings of fact and conclusions of
law with its special appearance ruling, all facts necessary to support the
judgment and supported by the evidence are implied. Id. at 795.  A
reviewing court must affirm if the judgment can be upheld on any legal theory
supported by the evidence.  Minucci v. Sogevalor, S. A., 14 S.W.3d 790,
794 (Tex. App.CHouston [1st Dist.] 2000, no
pet.).  

B.      In
Personam Jurisdiction








The Texas long-arm statute governs Texas courts= exercise of jurisdiction over nonresident defendants.  See
Tex. Civ. Prac. & Rem. Code Ann. '
17.041B.045 (Vernon 1997 & Supp. 2006).  That statute
permits Texas courts to exercise jurisdiction over nonresident defendants doing
business in the state of Texas.  Tex. Civ. Prac. & Rem. Code Ann. ' 17.042.  The broad language of section 17.42 extends Texas
courts= personal jurisdiction as far as the federal constitutional
requirements of due process will permit.  BMC Software, 83 S.W.3d at
795.  Because the long-arm statute=s
concept of Adoing business@ extends as far as federal due process will allow, any
activity or contact which satisfies due process constitutes doing business, and
any contact which does not satisfy due process does not constitute doing
business, and we need not analyze the Adoing
business@ requirement separate from the due process requirement.  Vosko
v. Chase Manhattan Bank, N.A., 909 S.W.2d 95, 98 (Tex. App.CHouston [14th Dist.] 1995, writ denied).  To determine
whether the assertion of personal jurisdiction is consistent with the
requirements of due process, we rely on precedent from the United States
Supreme Court and other federal courts, as well as Texas decisions. BMC
Software, 83 S.W.3d at 795.








Personal jurisdiction over nonresident
defendants is constitutional when two conditions are met: (1) the defendant has
established minimum contacts with the forum state, and (2) the exercise of
personal jurisdiction comports with traditional notions of fair play and
substantial justice.  Id. (citing Int=l Shoe Co. v. Washington, 326
U.S. 310, 316, 66 S.Ct. 154,  90 L.Ed. 95 (1945)).  The purpose of the minimum
contacts analysis is to protect the defendant from being haled into court when
its relationship with Texas is too attenuated to support jurisdiction.  American
Type Culture Collection, Inc. v. Coleman, 83 S.W.3d 801, 806 (Tex. 2002). 
The minimum contacts analysis requires that a defendant Apurposefully avail@
himself of the privilege of conducting activities within the state of Texas,
thus invoking the benefits and protections of Texas law.  Id. (citing Burger
King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528
(1985)).  Where the defendant has deliberately  created continuing obligations
between himself and residents of the forum state, he manifestly has availed
himself of the privilege of conducting business there.  Burger King, 471
U.S. at 475B76, 105 S.Ct. at 2184.

A defendant is subject to personal jurisdiction
based on his own purposeful activity and not on the unilateral acts of a third
party.  Michiana Easy Livin=
Country, Inc. v. Holten, 168 S.W.3d 777, 785 (Tex. 2005). 
Therefore, it is only the defendant=s
contacts with the forum that count when determining whether he has purposefully
availed himself of the privilege of conducting business in the state of Texas.  Id.
 In addition, the acts relied upon must be Apurposeful@ rather than fortuitous.  Id.  Also, a defendant
must seek some benefit, advantage, or profit by Aavailing@ himself of the jurisdiction.  Id.  It is the
quality and the nature of the defendant=s
contacts, rather than the quantity, that is important to the minimum contacts
analysis.  American Type Culture, 83 S.W.3d at 806.  Random, isolated,
or fortuitous contacts with the forum state are insufficient to confer
jurisdiction.  Michiana, 168 S.W.3d at 785. 

Personal jurisdiction exists if the nonresident
defendant=s minimum contacts give rise
to either general or specific jurisdiction.  BMC Software, 83 S.W.3d at
795.  General jurisdiction is present when the defendant=s contacts in a forum are continuous and systematic so that
the forum may exercise personal jurisdiction over the defendant even if the
cause of action did not arise from or relate to activities conducted within the
forum state.  Id. at 796.  Specific jurisdiction is established if the
cause of action arises from the defendant=s
contacts with the forum.  Id. 

C.      There
is No Specific Jurisdiction Over Appellees








Appellant appears to argue that the facts of
this case justify a Texas court exercising specific jurisdiction over
appellees.  However, despite appellant=s
suggestion that the collision underlying this lawsuit occurred Anear the Texas/Louisiana border,@ the facts regarding the location of the collision are
uncontested.  The collision occurred in Lake Charles, Louisiana.  It is also
uncontested that, when the collision occurred, Miller was en route to a
Louisiana location to pick up fuel to deliver to another Louisiana location. 
Specific jurisdiction is established only if the cause of action arises from
the defendant=s contacts with the forum.  Id. 
That is not the case here.  Therefore, under the facts of this case, a Texas
court may not exercise specific jurisdiction over appellees.

D.      There
is No General Jurisdiction Over Appellees

1.       Barry
Miller

General jurisdiction is present when the
defendant=s contacts in a forum are
continuous and systematic so that the forum may exercise personal jurisdiction
over the defendant even if the cause of action did not arise from or relate to
activities conducted within the forum state.  Id.  There is no evidence in
the record demonstrating that Miller, a Louisiana resident driving a truck in
Louisiana for a Louisiana corporation, had any contacts with Texas.  Therefore,
there is no general jurisdiction over Miller.

2.       Talen=s Marine & Fuel , Inc.








While Talen admits to isolated deliveries into
Texas, these contacts are insufficient to support general jurisdiction.  See
Reyes v. Marine Drilling Companies, Inc., 944 S.W.2d 401, 404B05 (Tex. App.CHouston
[14th Dist.]  1997, no writ) (affirming a trial court=s granting of a special appearance and holding that (1)
purchasing $183 million in goods from 471 different persons and companies in
Texas; (2) purchasing more than $63 million in products from a single Texas
company; (3) advertising in five Texas periodicals for employees to work in
Mississippi; (4) selling over $800,000.00 worth of scrap metal to Texas
companies for delivery in Mississippi; (5) sending more than two hundred
representatives into Texas to visit potential vendors and/or to review
equipment and material being sold to Ingalls, the Mississippi defendant; are
insufficient to establish general jurisdiction over Ingalls).  The only
evidence in the appellate record establishes that Talen=s Texas deliveries were at the request of Talen=s Louisiana customers and were no more than random,
isolated, or fortuitous contacts with Texas and thus are insufficient to confer
jurisdiction.  See Michiana, 168 S.W.3d at 785.

In addition, based on the record before us,
Talen=s membership in the TAAA is insufficient to confer general
jurisdiction.  There is nothing in the appellate record establishing the actual
name of the organization and, more importantly, its purpose.  Therefore, the
fact that Talen advertises that it belongs to an organization with the acronym
TAAA, is insufficient to establish general jurisdiction.

Appellant also asserts that Talen advertises
that it markets lubricants manufactured by ExxonMobil and Chevron, which
appellant contends are Texas-based companies, is sufficient to confer general
jurisdiction.  However, there is no evidence in the record establishing that
ExxonMobil and Chevron are actually Texas-based companies or the details of
Talen=s marketing of their lubricants. Therefore, the alleged
relationships between Talen and ExxonMobil and Chevron, respectively, are
insufficient to confer general jurisdiction.

Finally, appellant argues that, by not
contesting personal jurisdiction in a lawsuit filed against it in the United
States District Court for the Southern District of Texas, Talen has consented
to personal jurisdiction in the present suit.  However, appellant cites no
legal authority which supports this argument.  On appeal, an appellant=s brief must contain a clear and concise argument for the
contentions made with appropriate citations to authorities and the record. Tex.
R. App. P. 38.1(h).  Failure to
do so results in waiver of that issue on appeal. Accordingly, because appellant
failed to cite legal authority in support of this argument, she has waived this
argument on appeal.








As we have determined that the trial court did
not err when it found that appellees did not have minimum contacts with Texas
sufficient to assume jurisdiction over them, we overrule appellant=s single issue on appeal.[2]

Conclusion

Having overruled appellant=s only issue, we affirm the trial court=s granting of appellees=
special appearances.

 

 

 

 

 

/s/      John S.
Anderson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed September 27, 2007.

Panel
consists of Justices Anderson, Fowler, and Frost.









[1]  Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(7) (Vernon Supp. 2006).





[2]  Because we find appellees= established they did not have minimum contacts with
Texas sufficient for a Texas court to assume jurisdiction over them, we need
not address whether the assertion of jurisdiction would comport with the
notions of fair play and substantial justice.  Tex. R. App. P. 47.1.