Affirmed and Majority and Concurring Opinions filed December 23, 2008








Affirmed and Majority and Concurring Opinions filed December
23, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00351-CV

____________

 

MARGIE CANTON-CARTER, Appellant

 

V.

 

BAYLOR COLLEGE OF MEDICINE, Appellee

 



 

On Appeal from the 270th
District Court

Harris County, Texas

Trial Court Cause No. 2003-47770

 



 

M A J O R I T Y   O P I N I O N

Pro se appellant, Margie Canton-Carter, appeals the trial
court=s granting of
appellee, Baylor College of Medicine=s motion for
summary judgment.  We affirm.

Factual and Procedural Background








Appellant filed suit against appellee, Dr. Alan
Tita, and Dr. Erin L. O=Brien for injuries she allegedly sustained
as a result of a hysterectomy performed on July 17, 2002.  In May 2005, the
trial court granted Dr. Tita=s motion for summary judgment and
dismissed with prejudice all of appellant=s causes of action
against Dr. Tita.  The trial court eventually signed an order severing
appellant=s causes of action against Dr. Tita from the original
lawsuit.  On September 14, 2005 appellant filed her notice of non-suit of Dr. O=Brien.  On
September 21, 2005, the trial court signed an order acknowledging appellant=s non-suit of Dr.
O=Brien and
dismissing appellant=s suit against Dr. O=Brien leaving
appellee as the sole defendant in appellant=s lawsuit.  On
February 6, 2007 appellee filed a hybrid no-evidence and traditional motion for
summary judgment.  The trial court granted appellee=s motion without
specifying the grounds.  This appeal followed. 

Discussion

The law is well established that pro se litigants
are held to the same standards as licensed attorneys and must comply with all
applicable rules of procedure.  Valadez v. Avitia, 238 S.W.3d 843, 845
(Tex. App.CEl Paso 2007, no pet.).  A pro se litigant is
required to properly present her case on appeal, just as she is required to
properly present her case to the trial court.  Id.  If this were not the
rule, pro se litigants would benefit from an unfair advantage over those
parties who are represented by counsel.  Id.  Therefore, we will not
make allowances for, or apply different standards, because a case is presented
by a litigant acting without the advice of counsel.  Id.

It is appellant=s burden to
discuss her assertions of error.  Id.  An appellate court has no duty,
or even the right, to perform an independent review of the record and
applicable law to determine whether there was error.  Id.  In the review
of a civil case, an appellate court has no discretion to consider an issue not
raised in an appellant=s brief.  Id.      








In her amended brief, appellant presents what purport to be
eleven issues for appellate review.[1] 
In her first issue, appellant states: Ano informed
consent to remove ovaries.@  In her second issue, appellant contends:
Aresident
physicians, not experienced in major surgery of this nature, followed a medical
path for resolution that was not warranted.@  Appellant=s third issue, in
its entirety provides: Afailure to supervise residents (duty to
regulate).@  In issue four, appellant contends: Aall Baylor
residents (non-suited), were served prior to statute of limitations expiring.@ Appellant=s fifth issue
states simply: Aplaintiff=s attorney=s withdrawal.@ Appellant=s sixth issue
provides: Adefendants paid all of plaintiff=s medical bills.@ In her seventh
issue, appellant contends the Alower court failed to introduce pertinent 
evidence/medical records.@ Next, in issue eight, appellant asserts Aall the defendants
were timely served about this lawsuit, with return receipts/response letters
received from Baylor=s Risk Management office, Jan. 30, 2003.@ In her ninth
issue, appellant asserts: Amaterial misrepresentations to plaintiff
that raises a cross-point to pass sanctions on plaintiff=s former Attorney
Martin, and the defendants.@  Appellant=s tenth issue
provides, in its entirety: Aresolution of plaintiff=s claim for
indigency.@  Finally, in an unnumbered issue, appellant  contends
appellee=s expert witness
affidavit lacks Aauthenticity due to the lack of Notary
seal, signature of Affiant, and Notary Public not occurring on the same page.@  Even after
examining the argument section of appellant=s amended brief,
we are unable to discern any complaint about an alleged trial court error.








The Texas Rules of Appellate Procedure control the required
contents and the organization for an appellate brief.  Id. (citing Tex.
R. App. P. 38.1).  One of those
requirements is that an appellant=s brief must
concisely state all issues or points presented for review.  Id. (citing
Tex. R. App. P. 38.1(e) (now
Rule 38.1(f))).  An issue presented for appellate review is sufficient if it
directs the reviewing court=s attention to the error about which the
complaint is made.  Id.  Appellant=s issues on appeal
do not meet this requirement as they do not point out any error allegedly
committed by the trial court or even attack the merits of the trial court
granting appellee=s motion for summary judgment.  It would
be inappropriate for this court to speculate as to what appellant may have
intended to raise as an error by the trial court on appeal.  Id.   To do
so would force this court to stray from our role as a neutral adjudicator and
become an advocate for appellant.  Martinez v. El Paso County, 218 S.W.3d
841, 844 (Tex. App.CEl Paso 2007, pet. stricken). 

In addition to a concise statement of all issues presented
for review, an appellant=s brief must also contain a clear and
concise argument that includes appropriate citations to legal authority and the
appellate record.  Valadez, 238 S.W.3d at 845 (citing Tex. R.
App. P. 38.1(h)(now Rule
38.1(i))).  This requirement is not satisfied by merely uttering brief,
conclusory statements unsupported by legal citations.  Id.  Failure to
cite legal authority or to provide substantive analysis of the legal issues
presented results in waiver of the complaint.  Id.  Appellant has not
met this requirement.  Appellant=s amended brief
consists of a series of disjointed factual assertions and cryptic complaints. 
Appellant did not provide any discussion of the appropriate standard of review
for the appeal of a summary judgment, any citation of appropriate legal
authority, or any analysis applying the appropriate legal authority to the
facts of her case in such a manner as to demonstrate the trial court committed
reversible error when it granted appellee=s motion for
summary judgment.[2] 
It is not this court=s duty to review the record, research the
law, and then fashion a legal argument for appellant when she has failed to do
so.  Urrutia v. Kysor Industrial Corp., No. 14-98-00577-CV, 2000 WL
1289318, at *2 (Tex. App.CHouston [14th Dist.] Sept. 14, 2000, pet.
denied) (not designated for publication).   Because appellant=s amended brief
completely fails to comply with the requirements of Texas Rule of Appellate
Procedure 38, she has waived her issues on appeal.  Valadez, 238 S.W.3d
at 845.








To the extent appellant=s issues on appeal
can be construed as challenging the trial court=s order granting
appellee=s hybrid motion
for summary judgment, the result is the same.  Appellant=s timely filed
summary judgment evidence is insufficient to raise a genuine issue of material
fact as to whether appellee=s alleged negligence caused appellant=s alleged
injuries.  Because, under rule 166a(i), a trial court must grant a no-evidence
motion for summary judgment unless the respondent produces summary judgment
evidence sufficient to raise a genuine issue of material fact, which appellant
failed to do, the trial court properly granted appellee=s motion.  Tex. R.
Civ. P. 166a(i). 

Conclusion

We affirm the trial court=s summary
judgment.

 

 

 

/s/      John S.
Anderson

Justice

 

 

 

Judgment rendered
and Majority and Concurring Opinions filed December 23, 2008.

Panel consists of
Justices Anderson, Frost and Hudson.[3]









[1]  Appellant filed her initial brief on May 22, 2008. 
She then requested leave to file an amended brief, which was granted. 
Appellant=s amended brief was filed on June 26, 2008.





[2]  Appellant did include citation to documents in an
appendix attached to her amended brief.  The vast majority of these documents
are not part of the appellate record.  We may not consider documents attached
to an appellate brief that are not part of the appellate record.  Ramex
Construction Co. v. Tamcon Services, Inc., 29 S.W.3d 135, 138 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  With regard to
those few documents in appellant=s
appendix that are found in the appellate record, appellant offers no argument
as to how these documents establish the trial court erred when it granted
appellee=s motion for summary judgment. 





[3]  Senior Justice Harvey Hudson sitting by assignment.