**Affirmed and Memorandum Opinion filed July 22, 2014.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-13-00054-CV

**BRENDALYN LANE-JONES, Appellant**

**V.**

**THE ESTATE OF ODEAN JONES, Appellee**

**On Appeal from the County Court at Law No 3**
**Fort Bend County, Texas**
**Trial Court Cause No. 04-CPR-018318D**

## M E M O R A N D U M   O P I N I O N

Brendalyn Lane-Jones ("Lane") has appealed to this court asserting the trial court erred by dismissing her petition for declaratory judgment and by failing to grant her motion for rehearing. Because Lane has not preserved any error for our review, we affirm.

## I. BACKGROUND

In July 2012, Lane filed an Original Emergency Petition for Declaratory Judgment. At that time, there was a contemporaneous proceeding dealing with the administration of the Estate of Odean Jones ("Estate"). In her petition, Lane claimed she was the spouse of the decedent, Odean Jones ("Odean"), she requested the trial court enjoin the Estate from distributing any property, and she asked to be considered a valid heir to the Estate, thereby entitling her to receive a share.

Litigation and appeals concerning the Estate date back to 2000. *See In re Wilson*, No. 14-12-00092-CV, 2012 WL 8017141 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding) (mem. op.). Odean had been missing since 2000 and was presumed dead. His wife, Renita, died in 2002. Renita's administrator, John Wilson, applied to probate Odean's 1996 will in 2004. *Id.* Odean's siblings intervened, and the trial court signed an agreed judgment in 2005. The judgment reflects the parties' agreement that the date of Odean's death was deemed to be January 5, 2010, unless Odean appeared before December 4, 2009. Odean's will would be admitted to probate on January 5, 2010, with distributions to be made thereafter. The trial court retained jurisdiction to resolve issues until it signed a final order closing the Estate. *Id.*

In February 2012, our court rejected a petition for writ of mandamus wherein Wilson challenged the trial court's denial of his motion asking that, *inter alia*, it dismiss an heirship proceeding filed by another of Odean's half-siblings. We held that the trial court retained plenary jurisdiction over the 2005 judgment. The trial court signed a judgment declaring heirship on August 20, 2012. *See In re Estate of Jones*, No. 14-12-00864-CV, 2013 WL 85163 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (mem. op.).

Thus, Lane's Original Emergency Petition for Declaratory Judgment at issue in this appeal was but one of the disputes related to the Estate. Lane filed her action claiming to be Odean's spouse eight years after Wilson applied to probate Odean's will and one month before the court signed its judgment declaring heirship. This was the backdrop for the September 17, 2012 hearing concerning matters of the Estate, a transcript of which is included in the record of Lane's appeal.

At the September hearing, the trial court struck *Wilson's* petition to intervene in the heirship proceeding and denied his motion to vacate the heirship judgment. However, there is nothing in the record of the September hearing to suggest *Lane* presented to the trial court either her Original Emergency Petition for Declaratory Judgment or her own petition in intervention, to which she refers in her brief. There is also nothing in our record to suggest that Lane, herself, asked the trial court to vacate the judgment to consider her claim to be Odean's true wife.

Wilson appealed the order striking his intervention and the disposition of the heirship proceeding to this court. We ultimately granted Wilson's motion to dismiss the appeal due to settlement. *Id.*

On November 29, 2012, just prior to the expiration of plenary power over the judgment declaring heirship, the heirship parties again appeared before the trial court. The record of the November 29 hearing is also part of the record in Lane's appeal; however, the matters resolved at the hearing pertain to finalizing a modified agreement and heirship judgment as between those parties. At the hearing, the trial court inquired about the other case pending–Brendalyn [Lane] – and stated:

> I asked them to be here or send me some law, and I haven't heard anything from them. They were aware of the hearings and – Mr.

3

Moerer, I notice you are here in the courtroom.  You haven't heard anything from them?

Mr. Moerer, another attorney in the cause, indicated that he had interviewed Ms. Lane.  The trial court added:

> I told him to bring me law or show up.  It's my understanding that the State of California does not recognize common-law marriage at all, so if it was not valid to start with, it's not valid as far as the State of Texas, so I feel comfortable in dismissing her claims to anything.

The trial court signed an "Order Dismissing Original Petition for Declaratory Judgment" on December 3, 2012, providing:

> After a hearing on this matter on November 19, 2012, counsel for Lane was afforded the opportunity to provide the Court with additional evidence and case law in support of her position.  To date, counsel has failed to provide this Court with any additional information or case law in support of Lane's position.
>
> It is therefore ORDERED, that the Original Petition for Declaratory Judgment filed by Brendalyn Lane is dismissed with prejudice.

On December 7, 2012, Lane filed what she named a motion for rehearing,[1] in which she urged:

> Plaintiff's Counsel, John L. Green, did request a continuance to respond to the California putative position.  Defendant's attorney, Jerry Bussell objected to the continuance and the Court entertained his objection; however, the Court then stipulated Plaintiff's Counsel is to be allowed time to file a response in support of his client, Brendalyn Lane-Jones.  In addition, Plaintiff has 20 days to file for a re-hearing

---

[1]  While Lane named her post-judgment motion a "motion for rehearing," the substance of the motion sought to assail the trial court order of dismissal, asking that it be set it aside and seeking to relitigate the issues.  Thus, her "motion for rehearing" extended the appellate timetable as would a motion for new trial, which Lane considered her motion to be.  *See Lane Bank Equip. Co. v. Smith Southern Equip., Inc.*, 10 SW.3d 308, 314 (Tex. 1999); *Phillipi v. Citi Residential Lending, Inc.*, No. 10-12-00302-CV, 2010 WL 1558108 at * 3 (Tex. App.—Waco May 15, 2013, no pet.) (mem. op.).  Indeed, in her appellate brief, Lane complains of the trial court's denial of her motion for new trial.

pursuant to Texas Government Code Section 2001.146[2] and is doing so in a timely manner …."

Lane did not support any of these statements with evidence from the record. Therefore, it is impossible to decipher what was presented to the trial court.

On appeal, Lane urges that the trial court should have granted the motion for new trial because it failed to give her an adequate opportunity to present evidence. To her appellant's brief, Lane attaches her counsel's affidavit stating he "was asked to produce more evidence in about two weeks." This is the first time Lane complains the trial court dismissed her petition for declaratory relief before her supplemental authority and evidence was due.

First, Lane may not complain of alleged error in the trial court's premature dismissal of her petition because she did not make that argument to the trial court in her motion for rehearing. Tex. R. App. P. 33.1(a). Second, Lane may not rely upon matters attached to her brief that are not contained within the record of the cause. *See Ramex Constr. Co. v. Tamcon Servs.*, 29 S.W.3d 135, 138 (Tex. App.— Houston [14th Dist.] 2000, no pet. (op. on reh'g). Thus, we must disregard not only the affidavit which attempts to establish facts that occurred in the trial court, but also the other pleadings not in the record here.

Finally, Lane may not complain of alleged error in failing to grant her a continuance to provide additional evidence because she has not brought forth a record of the November 19, 2012 proceedings. *See* Tex. R. App. P. 33.1(a). We are unable to consider error because we do not know: (a) the nature of those proceedings; (b) the evidence, if any, adduced at such hearing; (c) the requests made by the court or the parties at such hearing; or (d) the specifics of any ruling

---

[2] It is unclear from the motion why Lane believes the Administrative Procedures Act applies to her petition.

made by the trial court.  On this record, we simply cannot evaluate the errors Lane alleges.

Accordingly, we affirm the dismissal order of the trial court.


/s/     John Donovan
Justice


Panel consists of Justices McCally, Busby, and Donovan.