United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60252
Conference Calendar

_____

DAYRAL T. NATHAN,

                                        Plaintiff-Appellant,

versus

P.J. SMITH, W.L. WALLEY, JR., J.J. EASLEY,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CV-1717-LN
---------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Dayral T. Nathan, Mississippi prisoner # 38465, appeals the
dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C.
§ 1915(e)(2)(B)(iii).  Nathan argues that the defendants, three
state court judges, violated his due process and equal protection
rights by denying his habeas corpus application as time-barred
and successive rather than addressing the merits.

     We note first that more than 10 days after the district
court's judgment, Nathan filed a motion for reconsideration,

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

which is properly classified as a FED. R. CIV. P. 60(b) motion. See Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir. 1986). Nathan's notice of appeal, which specifically designated the denial of the post-judgment motion as the order being appealed, was timely only as to the denial of that motion, and appellate review is limited to whether the district court abused its discretion. See Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465, 470 (5th Cir. 1998); FED. R. APP. P. 4(a).

Nathan argues that the defendants had a duty to hear his state habeas application because it was filed under a state law exception to the limitations period for applications asserting newly discovered evidence. The district court properly concluded that the defendants are entitled to absolute immunity from suit and did not err by denying the motion to reconsider. See Stump v. Sparkman, 435 U.S. 349, 356-64 (1978); Mays v. Sudderth, 97 F.3d 107, 110-11 (5th Cir. 1996).

Nathan's appeal is without merit and is frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, his appeal is DISMISSED as frivolous. See 5TH CIR. R. 42.2. The dismissal of the appeal counts as a strike against Nathan for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Nathan is CAUTIONED that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal while he is incarcerated or

detained in any facility unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.