Stefan KOSA, Appellant

v.

DALLAS LITE & BARRICADE, INC., Appellee.

No. 05-06-00361-CV.

Court of Appeals of Texas, Dallas.

June 12, 2007.

---

Stefan J. Kosa, Duncanville, for Appellant.

Andrea A. Hight, Dallas, for Appellee.

Before Justices MORRIS, LANG, and LANG–MIERS.

## OPINION

Opinion by Justice MORRIS.

In this appeal from a summary judgment, Stefan Kosa contends the trial court erred in granting judgment in favor of Dallas Lite & Barricade, Inc. on his claim for wrongful termination because sufficient evidence exists to create a genuine issue of material fact. After reviewing the record, we conclude Kosa's arguments are without merit. We affirm the trial court's judgment.

Kosa brought this suit against Dallas Lite, his former employer, for wrongful termination of his employment. Kosa contended that his dismissal was an act of discrimination. Dallas Lite generally denied Kosa's allegations and brought a counterclaim for breach of contract based on Kosa's alleged failure to repay part of the amount due under a promissory note he made with the company. Dallas Lite then propounded discovery on Kosa, including requests for admission. Kosa never responded to the requests for admission and, therefore, the requests were deemed admitted as a matter of law. *See* Tex.R. Civ. P. 198.2(c).

Dallas Lite moved for summary judgment on both Kosa's wrongful termination claim and its counterclaim for breach of contract on the basis of the deemed admissions. Kosa filed a response to Dallas Lite's motion, but did not submit any summary judgment evidence with his response. Instead, Kosa verified his signature on the responsive pleading. Dallas Lite filed a reply objecting to Kosa's attempted use of his own pleading as summary judgment evidence and submitted as additional summary judgment evidence Kosa's "Charge of Discrimination" filed with the United States Equal Employment Opportunity Commission and the EEOC's notice of dismissal of the charge.

Kosa then filed a second response to Dallas Lite's motion for summary judgment. Again, the response was signed by a notary verifying Kosa's signature. Attached to this response was a transcript that Kosa stated was made from a tape

recorded conversation between Kosa and his supervisor Gary Howell. Kosa argued this tape showed "good cause" for his discrimination suit. Dallas Lite moved to strike the second response objecting again to the pleading being used as evidence and arguing the transcript was also not competent summary judgment proof. The trial court granted Dallas Lite's motion for summary judgment in all respects ordering that Kosa recover nothing on his claims. The trial court further ordered that Dallas Lite recover damages for breach of contract in the amount of $350, post-judgment interest, and attorney's fees. Kosa brought this appeal challenging the trial court's dismissal of his wrongful termination claim.[1]

Kosa contends the trial court erred in granting Dallas Lite's motion for summary judgment because he presented sufficient evidence to raise a fact issue on his claim. The standard of review for a traditional summary judgment is well known. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). Dallas Lite had the burden to demonstrate that no genuine issues of material fact existed and it was entitled to judgment as a matter of law. *See id.* at 548–49.

Kosa claimed the termination of his employment with Dallas Lite was an impermissible act of discrimination. As part of its summary judgment evidence, Dallas Lite submitted Kosa's deemed admission that his employment was not terminated, but instead he walked off the job and quit. This evidence disproves an essential element of Kosa's claim.

■ Kosa responds that he was forced to quit because Dallas Lite required him to do work that made him feel sick. In essence, Kosa argues his employment was constructively terminated. A constructive discharge occurs when job conditions are made so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign. *See Junior v. Texaco, Inc.*, 688 F.2d 377, 379 (5th Cir.1982). Kosa submitted no competent summary judgment evidence, however, to show constructive termination.

■ The only evidence submitted by Kosa was his notarized responses to Dallas Lite's motion for summary judgment and a transcript of what purports to be a conversation between Kosa and his former supervisor. Generally, pleadings are not competent evidence, even if sworn or verified. *See Laidlaw Waste Sys., Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex.1995). In this case, Kosa's notarized responses do not meet the requirements of an affidavit and, therefore, cannot be considered as summary judgment evidence. *See id.*

■ The transcript likewise is not competent summary judgment proof because it was never produced in discovery and never authenticated. *See* Tex.R. Civ. P. 166a(c); Tex.R. Civ. Evid. 901. There is nothing in the record that proves the identities of the persons speaking, how the recording was made, or the accuracy of the recording. The unauthenticated transcript is not proper evidence and, therefore, does not create a genuine issue of material fact to preclude summary judgment.

■ Because Kosa submitted no competent summary judgment evidence to rebut or explain his admissions that he quit his employment with Dallas Lite, Dallas Lite negated a material element of Kosa's claim as a matter of law. We conclude the trial court did not err in granting Dallas Lite's motion for summary judgment on Kosa's

1. Kosa does not challenge the summary judgment in favor of Dallas Lite on its claim for breach of contract or the award of attorney's fees.

claim for wrongful termination. We affirm the trial court's judgment.