# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 17, 2012

Lyle W. Cayce
Clerk

No. 11-60811
Summary Calendar

DAYRAL T. NATHAN,

Plaintiff-Appellant

v.

R. HANCOCK, individually and in her official capacity as the Warden at SMCI in Area I; T. SEABROOK, individually and in her official capacity as the Deputy Warden at SMCI in Area I; D. MCLEOD, individually and in her official capacity as the Disciplinary Hearing Officer at SMCI in Area I; NURSE JEMISON, individually and in her official capacity as a RN with Wexford Health Care Co. at SMCI,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:11-CV-139

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Dayral T. Nathan, Mississippi prisoner # 38465, proceeding pro se and in forma pauperis (IFP), appeals the dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) of his 42 U.S.C. § 1983 civil rights action. Nathan contends

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that prison officials violated his rights under the Due Process Clause by basing a disciplinary conviction on an incomplete urine test that gave a positive result for THC and because the hearing officer conducted an investigation by contacting the prison nurse to determine whether Nathan was on any medications that might give a false positive result.

We review the dismissal as frivolous of a prisoner's § 1983 complaint for abuse of discretion. *Harper v. Showers*, 174 F.3d 716, 718 & n.3 (5th Cir. 1999). Section 1915(e)(2)(B)(i) provides that a district court shall dismiss an IFP complaint if the district court determines that the complaint is frivolous. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an "indisputably meritless legal theory." *Id.*

Nathan does not assert the Eighth Amendment claim raised in his complaint, nor does he challenge the district court's denial of his request for class certification. Although filings of pro se prisoners are to be liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a prisoner must provide arguments for this court's consideration. *Grant v. Cuellar*, 59 F.3d 523, 524-25 (5th Cir. 1995). Accordingly, these claims are not adequately briefed and are abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The punishment received for the disciplinary infraction was a reduction in line class. A reduction in line class or a change in custody status does not implicate a liberty interest protected by the Due Process Clause because the effect of those classifications on a prisoner's ultimate release date is too speculative. *Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Likewise, a prisoner's change in custody status, including his placement in disciplinary segregation or lock-down; the loss of recreation and commissary privileges; and the imposition of cell restrictions,

2

does not implicate a liberty interest because those punishments do not represent "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin v. Conner*, 515 U.S. 472, 486 (1995); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Luken*, 71 F.3d at 193. The district court did not abuse its discretion in determining that Nathan's § 1983 action had no basis in law and was frivolous. *See Siglar,* 112 F.3d at 193. Likewise, his appeal is without arguable merit and is dismissed as frivolous. *See* 5TH CIR. R. 42.2; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).

The dismissal of this appeal as frivolous counts as a strike under § 1915(g), as does the district court's dismissal of Nathan's complaint. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Because Nathan's prior appeal in *Nathan v. Smith,* 73 F. App'x 58, 59 (5th Cir. 2003), was dismissed as frivolous, he now has accumulated three strikes. § 1915(g). Accordingly, Nathan is barred from proceeding IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he "is under imminent danger of serious physical injury." § 1915(g)*; see Adepegba*, 103 F.3d at 387-88.

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.