

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00357-CV

Tracey W. **MURPHY**,
Appellant

v.

Sylvia L. **PETERSEN** and Brennan Gill,
Appellee

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 10-01-00010-CVK
Honorable Fred Shannon, Judge Presiding

Opinion by:      Catherine Stone, Chief Justice

Sitting:      Catherine Stone, Chief Justice
        Marialyn Barnard, Justice
        Patricia O. Alvarez, Justice

Delivered and Filed:  November 20, 2013

AFFIRMED

Tracey W. Murphy, a *pro se* prison inmate, appeals the trial court's order granting the amended no-evidence and traditional motion for summary judgment filed by Sylvia L. Petersen and Brennan Gill, who are prison officials who work in the law library.  Because we hold the trial court properly granted the motion, we affirm the trial court's order.

### BACKGROUND

In the underlying lawsuit, Murphy alleged that he submitted an I-60 request for the notarization of a legal document relating to his appeal of an order to the Fifth Circuit.  The

document was notarized by Petersen on October 8, 2013; however, Murphy is not classified as an indigent inmate. Accordingly, Murphy was approached about providing postage for the mailing of his legal documents to the Fifth Circuit. Murphy responded that he was on commissary restriction, had exhausted his supply of postage stamps, and was unable to purchase additional postage stamps. On October 12, 2009, Petersen contacted the office of the Texas Department of Criminal Justice's Access to Courts and was instructed to provide Murphy the stamps from the supply designated for indigent inmates. The TDCJ's computer records show that the legal documents were then mailed on October 12, 2009.

The documents included Murphy's Trust Fund Balance Account, which was the document required to be notarized, and his motion and brief in support of certificate of appealability. The Fifth Circuit previously had granted Murphy an extension to file the documents, and the documents were required to be filed by October 20, 2009. On November 5, 2009, the Fifth Circuit issued an order dismissing Murphy's appeal for want of prosecution. The Fifth Circuit's electronic docket does not show that Murphy's documents were ever filed.

After exhausting his grievance procedures, Murphy filed the underlying lawsuit, asserting a § 1983 claim alleging that Petersen and Gill denied him of his constitutional right of access to courts. Murphy also alleged a claim under the Texas Theft Liability Act, claiming that Petersen and Gill had unlawfully misappropriated the documents that were to be mailed to the Fifth Circuit. On November 12, 2012, the trial court denied a partial motion for summary judgment filed by Murphy. On February 21, 2013, the trial court granted the amended no-evidence and traditional motion for summary judgment filed by Petersen and Gill.

## STANDARD AND SCOPE OF REVIEW

We review a summary judgment *de novo*. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In reviewing the granting of a traditional summary judgment, we

consider all the evidence in the light most favorable to the respondent, indulging all reasonable inferences in favor of the respondent, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). In reviewing the granting of a no-evidence summary judgment, we apply the same legal sufficiency standard as we apply in reviewing a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). A no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id*. at 751. "Less than a scintilla of evidence exists when the evidence does 'no more than create a mere surmise or suspicion.'" *Id*. (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

The scope of our review on summary judgment is limited to the documents that were before the trial court at the time it granted summary judgment, which included: (1) Murphy's complaint and motion to amend petition; (2) Petersen and Gill's amended traditional and no-evidence motion for summary judgment; and (3) Murphy's response to the amended motion. *See Ramirez v. Garcia*, No. 07-11-00385-CV, 2013 WL 4673828, at *14 (Tex. App.—Amarillo Aug. 29, 2013, no pet.); *Capitol Indem. Corp. v. Kirby Rest. Equip. & Chem. Supply Co*., 170 S.W.3d 144, 146 (Tex. App.—San Antonio 2005, pet. denied). We note, however, that the pleadings themselves are not summary judgment evidence. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660-61 (Tex. 1996); *Kosa v. Dallas Lite & Barricade, Inc.*, 228 S.W.3d 428, 430 (Tex. App.—Dallas 2007, no pet.); *Kendall v. Whataburger, Inc.*, 759 S.W.2d 751, 754 (Tex. App.—Houston [1st Dist.] 1988, no writ).

### DENIAL OF MURPHY'S MOTION FOR PARTIAL SUMMARY JUDGMENT

In his first issue, Murphy contends the trial court erred in denying his motion for partial summary judgment. This court can review the denial of a summary judgment motion only when

the parties file competing motions for summary judgment, and the trial court grants one motion but denies the other. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2006) (permitting appellate court to consider orders on competing motions); *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994) (holding denial of summary judgment is not appealable). In this case, however, the trial court was not considering competing motions for summary judgment. Murphy's motion was denied by the trial court on November 12, 2012, while the motion filed by Petersen and Gill was not ruled on until February 21, 2013. Accordingly, this court does not have jurisdiction to address Murphy's first issue. *See Aguilar v. LVDVD, L.C.*, No. 08-01-00438-CV, 2002 WL 1732520, at \*7 (Tex. App.—El Paso July 25, 2002, pet. denied) (holding motions that were not pending at same time were not competing motions for summary judgment) (not designated for publication).

## DENIAL OF ACCESS TO COURTS

"An inmate alleging the denial of his right of access to the courts must demonstrate a relevant, actual injury stemming from the defendant's unconstitutional conduct." *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009). "This requires the inmate to allege that his ability to pursue a 'nonfrivolous,' "arguable' legal claim was hindered." *Id.* "The inmate must describe the underlying claim well enough to show that its 'arguable nature … is more than hope.'" *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 416 (2002)).

In this case, the summary judgment evidence established that Petersen notarized Murphy's document on the date it was received; however, the documents were not mailed on that date because Murphy, who was not indigent, had submitted a form relating to the postage that only indigents could use. Because Murphy was on commissary restrictions, Petersen contacted the appropriate prison official and was given permission to provide Murphy with the necessary stamps on October 12, four days after the date the document was notarized. Thus, the summary judgment

evidence conclusively established that the delay in the instant case was attributable to Murphy's actions and his inability to obtain additional postage stamps despite his non-indigency status, as opposed to the actions of Petersen and Gill. Accordingly, the trial court could properly have granted summary judgment on the basis that Petersen and Gill did not engage in any unconstitutional conduct that caused actual injury to Murphy.

In addition, Murphy's description of his appeal demonstrates that he is appealing the denial of a habeas application arising from a disciplinary action that resulted in recreation and commissary restrictions being imposed. The district court denied the habeas application because no loss of liberty results from the imposition of recreation and commissary restrictions. The law supporting the district court's decision is clearly settled. *See, e.g., Sandin v. Conner*, 515 U.S. 472, 486 (1995); *Nathan v. Hancock*, 477 Fed. Appx. 197, 199 (5th Cir. 2012); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Accordingly, the trial court also could have granted summary judgment on the basis that Murphy was not hindered in pursuing a "nonfrivolous," "arguable" legal claim. *See Brewster*, 587 F.3d at 769.

### §1983

In order to prevail on a §1983 claim, Murphy was required to establish a violation of a right secured by the Constitution or federal law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Bryant v. Military Dept. of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010). The only constitutional right Murphy alleged was violated in the instant case was his constitutional right of access to courts. For the reasons previously stated, however, the trial court did not err in granting summary judgment on Murphy's constitutional claim. Therefore, the trial court also did not err in granting summary judgment on Murphy's §1983 claim.

**TEXAS THEFT LIABILITY ACT**

Under the Texas Theft Liability Act, "[a] person who commits theft is liable for the damages resulting from the theft." TEX. CIV. PRAC. & REM. CODE ANN. § 134.003(a) (West 2011). "Theft" is defined as "unlawfully appropriating property" as described in certain sections of the Texas Penal Code. *Id.* at § 134.002(2).

In this case, Murphy alleged that Petersen and Gill unlawfully appropriated the legal documents that they were supposed to mail to the Fifth Circuit. The only evidence Murphy provided in response to Petersen and Gill's no-evidence motion for summary judgment, however, was the Fifth Circuit's electronic docket sheet which showed that the documents were not filed with the Fifth Circuit. This evidence, however, is less than a scintilla of probative evidence and is insufficient to raise a genuine issue of material fact because it does "no more than create a mere surmise or suspicion" that Petersen and Gill unlawfully appropriated the documents. *King Ranch, Inc.*, 118 S.W.3d at 751. Moreover, Petersen and Gill produced summary judgment evidence establishing that the documents were mailed from the prison. Accordingly, the trial court did not err in granting summary judgment as to this claim.

**CONCLUSION**

The trial court's order is affirmed.

Catherine Stone, Chief Justice